## POPE *vs.* HAYS.

1. There is no appeal under the Act of 1856, directing the mode in which one year's provision shall be set apart for the family of the deceased.

On Appeal, in Sumter Superior Court, from Report of Commissioners, assigning Year's Support to Widow and Children. Decided by Judge ALLEN, October Term, 1859.

The plaintiffs in error, being the widow and children of H. W. Shaw, deceased, having been awarded the sum of $800 00 for their twelve month's support, by commissioners appointed by the Ordinary for that purpose, and being dissatisfied with that allowance, carried the case to the Superior Court by appeal.

On the hearing, counsel for defendant moved to dismiss the appeal, on the ground "that no appeal is provided for by law from the report of commissioners to the Ordinary, to the Superior Court.

The Court sustained the motion on the ground taken, and ordered the same to be dismissed, and appellant excepted.

B. H. HILL, for plaintiffs in error.

McCAY & HAWKINS, *contra.*

*By the Court*.—LUMPKIN, J., delivering the opinion.

The only question in this case is, whether an appeal will lie, upon the report of commissioners appointed under the Act of 1856, to set apart one year's provisions for the family out of the estate of the deceased ?

We think not. There is no verdict—no judgment of the Court to appeal from. The Act simply directs the report to be recorded by the Ordinary. This is a mere ministerial Act to preserve the evidence, and to show upon the books of the Ordinary's office the manner in which so much of the estate was disposed of, neither can the commissioners, whose report is sought to be set aside, be considered the ordinary *pro hac vice*. This would violate the Constitution, which directs who shall be the Ordinary.