COWAN *vs.* CORBETT *et al.*

1. Where appraisers set apart property as a year's support for the family of a decedent, and their return is admitted to record, after the lapse of six months, the title vests in the family. A formal judgment of a court of ordinary is only necessary where the appraisers set apart a sum of money.

(*a.*) That the return was admitted to record before the end of six months did not render it invalid. The right of exception continued until the time expired, and the record then became operative.

2. Parol evidence of those within whose knowledge the matter falls is admissible to show that there has been no administration on an estate.

Year's Support, Title. Record. Ordinary. Evidence. Before Judge CRISP. Stewart Superior Court. April Term, 1881.

Reported in the decision.

W. H. HARRISON & BRO.; T. D. HIGHTOWER; W. A. LITTLE, for plaintiff in error.

J. L. WIMBERLY; JNO. T. CLARKE; E. H. BEALL, for defendants.

SPEER, Justice.

A *fi. fa.*, controlled by Cowan as transferee, against Jas. L. Corbett, defendant, was levied on three hundred acres of land, being lot 115 and east half of lot 94, in twenty-second district Stewart county, as the property of defendant, to which defendant in error, as agent for Wallace Corbett, John Corbett, W. J. and C. Corbett, Almira Hawkins, and Jane Alderman, interposed his claim. On the trial plaintiff introduced his *fi. fa.*, proved possession by defendant in *fi. fa.*, since the judgment, and closed.

Claimant introduced evidence from the records of the court of ordinary of Stewart county, that on the petition of Susan A. Corbett, widow of defendant in *fi. fa.*, the lands levied on had been set apart as a twelve months' support for the widow and her minor children, by commissioners duly appointed for that purpose. Claimant further proved the death of the widow, and that the claimants were her heirs at law. Under the evidence, and charge of the court, the jury found the property not subject. During the trial, claimants offered in evidence extracts of records from the minutes and book of appraisements of the court of ordinary of Stewart county, consisting of a petition, filed by Susan A. Corbett, to the ordinary of said county, setting forth that she was the widow of Jas. L. Corbett, deceased, and asking that a twelve months' support be set apart out of the property of her deceased husband, for herself and her minor children.

Also the order of the ordinary appointing, in conformity with said petition, five appraisers to set apart and assign to said widow and minor children, either in property or money, a sufficiency from said estate for their support and maintenance for twelve months from death of deceased.

Also the return of the appraisers appointed, reporting

that they had set apart a twelve months' support, certain described property, which includes the land levied on, valued at (including personalty) $1,170.00, and furniture valued at $110.50; which appraisement was made and filed in office on 25th September, 1869, and recorded 1st October, 1869. To the introduction of these records, the plaintiff objected, which was overruled, and plaintiff excepted and assigns error thereon.

R. F. Watts was sworn as a witness for claimants, who testifies "that he was the ordinary of Stewart county in 1869, and before, and there never had been any legal representative of the estate of James L. Corbett." To the admission of this evidence plaintiff objected, which was overruled by the court, and plaintiff excepted.

Claimants proved by J. B. Latimer, ordinary of Stewart county, that there never had been, within the knowledge of witness, any legal representation on the estate of Jas. L. Corbett, which evidence was objected to by plaintiff's counsel, and objection being overruled, plaintiff excepted.

The court charged the jury, "If such proceedings were had as is claimed to have been shown by the records of the court of ordinary, that appraisers were appointed, that they made a return, and such return was admitted to record by the ordinary, then such return, without any judgment of the ordinary thereon, operated so as to vest the title of the property set apart in said widow and minor children, and that, too, if the ordinary admitted the return to record before or after the expiration of six months from the date of the return." To which charge the plaintiff in error excepted, and assigns the same as error.

The main questions insisted upon by counsel for plaintiff in error, before this court, were:

(1.) There being no judgment of approval rendered by the ordinary on the return of the appraisers, no title vested in the applicants.

(2.) Error in the admission of the evidence of Watts and Latimer.

(3.) The charge of the court as to the legal effect of the

applicants' order, and return of the appraisers, as to vesting title in the applicants to the property set apart.

1. Under the act of 1856, it is admitted, as construed by this court in 30 *Ga.*, 539, that no judgment was necessary; that if the return of the appraisers was made, and not objected to, within six months, it passed to record, and the work was done. But it is insisted that, by the act of 19th December, 1860, the act of 1856 was amended, to the effect of requiring a judgment.

The act of 1856 simply directs the report to be recorded by the ordinary. This is a mere ministerial act, to preserve the evidence and show upon the books of the ordinary's office the manner in which so much of the estate is disposed of. If this report is met with objections, filed as provided for, by persons interested, then the judgment of the ordinary is invoked, and from that judgment an appeal can be had. Where there are no exceptions filed, this court held there can be no appeal simply from the report of the commissioners. 30 *Ga.*, 539. In what particular has this been changed by the amended act of 19th December, 1860? That act simply authorizes " the court of ordinary to issue executions in favor of widows and minors for the twelve months' support allowed them by appraisers appointed for that purpose." The act declares, when the return of the appraisers is made setting apart *a sum of money*, and the same made the *judgment* of the court, "the ordinary may issue a *fi. fa.* in favor of the applicant, against the representative to be levied upon the estate of the testator, or intestate, in the hands of the representative." It is only in case of a return by the appraisers of a *sum of money* this judgment of the ordinary is demanded, and this for the purpose of having a *fi. fa.* to enforce its collection.

In the case now under consideration, there was no such return of a *sum of money*, and as there were no objections filed, we do not see any need for a judgment by the ordinary to vest this title, save to enter the return upon the records.

That the record was made prematurely, we do not think affects its validity. The statute gave the six months period in which to file the exceptions, and these could have been filed, notwithstanding the entry of the return on the record; and if none were filed within the six months, then, at the end of that period, the record entered made the title complete.

2. Neither do we think the court erred in admitting the testimony of Watts and Latimer. The petition to the ordinary recited the fact that there was no representation on the estate, and likely to be none. This, it is to be presumed, was *prima facie* true from the record, and was not *then* controverted. Yet, to supply this proof, out of caution, the testimony of Watts and Latimer was offered and allowed. We know of no better mode of proving what is *not* on record than to prove this negative by those who were, and are, keepers of the records, and who are presumed to be familiar with their contents. The record would not *affirmatively* prove *what was not on it*, and we think the parol proof competent for that purpose. Under our views of the law, thus expressed, it may be inferred that we see no error in the charge of the court complained of.

Let the judgment of the court below be affirmed.