## MITCHELL *vs.* COOPER.

1. As a general rule, there is no necessity for a defendant in an exe-
   cution, who claims to have paid or settled it, to resort to a court of
   equity to enjoin a levy made after such settlement or payment;
   but he may set up such defence by affidavit of illegality.   Nor
   does the fact that the execution was in favor of a guardian for an
   insane person, and that the payment was made after a judgment
   was awarded, revoking the letters of guardianship and restoring
   the ward to his rights, make it necessary to go into equity.   Code,
   §§3664, 3665, 1860.
(*a.*) An affidavit of illegality lies to an execution issuing from a de-
   cree in chancery.   Code, §4215.
2. Where a defendant in execution filed an affidavit of illegality, but
   subsequently abandoned and voluntarily withdrew it, and an order
   was taken reciting that fact and ordering the execution to proceed,
   and no additional facts appear which would entitle the defendant
   to a second affidavit of illegality, a resort cannot be had to equity
   merely to avoid the legal requirements in this respect.   Rule 31
   (Code, p. 1349) and citations.

   Judgment affirmed.

   December 21, 1884.

HALL, Justice.

[Mitchell filed his bill against Cooper, praying, among
other things, that the collection of certain executions be

enjoined. He alleged, in brief, as follows: Complainant was indebted to his brother, J. L. Mitchell, who, from excessive drinking, was adjudged incompetent to manage his property, and Cooper was appointed to be his guardian by the ordinary of Floyd county. The guardian sued complainant on his note, obtained a judgment, and execution was issued thereunder. Complainant made certain payments thereon. Subsequently his brother reformed, became capable of managing his business, and a petition to revoke the letters of guardianship was filed; and by consent, an order was passed that Cooper settle with his ward and turn over to him the property in hand, and that thereupon the letters of guardianship be revoked. Cooper turned over the property in hand to his ward, including the execution against complainant, and complainant settled in full with his brother. Afterwards his brother moved from the state, and Cooper, by some means unknown to complainant, got possession of the *fi fa.* and caused it to be levied on complainant's property. Even if the legal title to the *fi. fa.* is in the trustee, the substantial equitable title is in the former ward.

Defendant demurred to the bill, and answered it, denying that he had ever settled with his ward or turned over the *fi. fa.* to him, and alleging that the ward was indebted to him for advances made, and praying that he might control the *fi. fa.* to reimburse himself. He alleged also that the complainant had interposed an affidavit of illegality to the *fi. fa.*, setting up substantially the same grounds as alleged in his bill; that he had voluntarily withdrawn this, and could not now set up the same grounds by bill in equity.

On the hearing, the chancellor refused the injunction, and complainant excepted.]