---

## BOWEN *vs.* GROOVER.

1. Where a bill was filed against an administratrix and the sureties on her bond, and a decree rendered against the defendants, it furnished no ground of illegality on behalf of one of the sureties that the execution issued under such a decree, directed the money to be first made out of the estate and the individual property of the administratrix, and then from the property of the sureties. Such a direction was to the benefit of the sureties.

(*a.*) The execution in this case substantially followed the decree.

(*b.*) An affidavit of illegality cannot go behind the decree.

(*c.*) There being before the court, who tried the case without a jury, entries of *nulla bona* as to the property of the estate and of the administratrix, the ground of illegality by one of the sureties that the affiant believes that there was and is property enough to make the money out of the estates, but that the neglect of the administratrix caused its loss, without designating any such property, was properly overruled.

2. A ground of illegality by such a surety which alleged that the administratrix was dead; that, since her death, the plaintiff in *fi. fa.*

had, without authority of law, wrongfully intermeddled with her estate, and had converted to his own use certain named property thereof, of sufficient value to pay the decree, and that the surety was entitled to have a credit on the *fi. fa.* therefor was good, and should not have been dismissed.

(*a.*) The surety will not be compelled to go into equity to set up such defence, but may do so by affidavit of illegality.

(*b.*) Such a surety is within the spirit of §2441 of the Code, and will be entitled to have at least the value of the property converted applied in extinguishment of the *fi. fa.;* and it seems that he would be entitled to have double the value of the property so applied.

November 23, 1886.

Administrators and Executors. Principal and Surety. Illegality. Executor *de son tort.* Before Judge CARSWELL. Bulloch Superior Court. April Term, 1886.

Reported in the decision.

T. H. POTTER, for plaintiff in error.

No appearance for defendant.

JACKSON, Chief Justice.

A bill was filed by J. B. Groover against the administratrix of his father's and brother's estate, and her sureties on the bond she gave, for account and settlement of his share. Besides certain portions of real estate or its proceeds, he was decreed a sum in money, for which execution issued, and after entries of *nulla bona* by the sheriff as to the estate she represented and her own individual property, this execution was levied upon Bowen's property, who was one of the sureties on the bond. Bowen filed an affidavit of illegality to this proceeding, and the same having been dismissed by the court, who, by agreement passed on facts as well as law, Bowen excepted, and assigned as error this judgment of dismissal.

1. The 3d ground of illegality was abandoned. The 1st and 2d are to the effect that the execution does not follow

the decree, in that the decree is against the principal and her sureties generally, whereas the execution is that the money be first made out of the estate and the individual property of the administratrix, and then from the property of the sureties.   Substantially it follows the decree, and wherein it does not, it favors the surety, Bowen, in that his property is postponed by the execution to the exhaustion of that of the decedent and the administratrix.   Therefore these grounds were properly ruled on law and facts as not good, especially that ground which does not show any variance between the decree and the execution, but attacks the decree itself, which cannot be done by affidavit of illegality.   Besides, the entries of *nulla bona* as to the precedent property are upon the *fi. fa.*, and were facts in the case that also absolutely control the 4th ground of the illegality, which is that affiant believes there was and is property enough to make the money out of those estates, but the neglect of the administratrix caused its loss.   It is too vague, too, not designating a single item of property so lost.

2. This leaves nothing in the case but the 5th ground of illegality, which is as follows:

"Because, after the death of said Sarah H. Groover (the administratrix), and since the decree from which said *fi. fa.* issued was entered, the said James B. Groover, plaintiff in *fi. fa.*, as aforesaid, without authority of law, wrongfully intermeddled with and converted to his own use two bedsteads, two feather beds, one chest and clothes, one spinning-wheel, two wash-pots and kitchen utensils, of the personal goods and chattels of the said Sarah H. Groover, of the value, as deponent believes, of one hundred and forty dollars, or other large sum of money, the estate of the said Sarah H. having no legal representative; that by reason of the said intermeddling with. and conversion of the personalty of the said Sarah H., as aforesaid, this deponent, and the other defendant securities, are entitled to, and should have, a credit on the said decree and *fi. fa.* of a sum of money equal to double the value of the property so possessed and converted, as aforesaid, or so much thereof as would be sufficient to extinguish the debt appearing to be due on the decree and *fi. fa.* aforesaid."

There is due upon the execution $116.46, with interest thereon for some three years and a half, when this illegality was taken. So that if the affiant swore the truth, the plaintiff in execution has converted to his own use, as executor *de son tort*, enough of the principal's property since the decree to extinguish the debt the principal owes primarily, and thereby to relieve the surety. At all events, it is enough to make an issue for trial by jury. The court dismissed it as insufficient in law, and refused to hear it on facts which might have shown its truth. Indeed, when he dismissed it, the truth of the allegations was admitted.

Unquestionably there is equity in the allegations made in it, and if good in equity, a bill would lie; and as the party need not go into equity, but may at law set up equity in his plea, we do not see why this ground, if it needs expansion or amendment, may not be so enlarged as to make a good equitable plea in bar of this proceeding under this execution, which he alleges is proceeding illegally, virtually because it has been paid off by the illegal seizure of the property of the principal debtor, whereby he incurred the penalty of an executor *de son tort*. It is true that the statute makes the executor *de son tort* liable to creditors and heirs of the estate he has intermeddled with and converted to his own use, or the legatees thereof; but the spirit and equity of the statute surely would extend it to the surety of the intestate or testator. Code, §2441. Certain it is that the law against sureties is strictly construed; for them it should have a liberal interpretation. Anyhow, if this plaintiff has converted this property and got the value of it, this surety does not owe that much of this execution, and he is entitled to have it applied to the payment, at least to the value of it, if not, as we incline to hold, to double the value as would be given to heirs or creditors or legatees. Indeed, the surety, when he pays this execution, is a creditor of this intestate—a very preferred creditor in equity,—and if so, why should he pay over to Groover on the *fi. fa.* what he could recover, not

only the value, but double the value, if it took that much to pay him back, what he would have had to pay. That this defendant need not go into equity, see Code, §3082 and citations, and also *Mitchell vs. Cooper*, 73 *Ga.* 796.

We conclude that the ends of justice, the principles of equity and the spirit of our statute law, Code, §2441, demand that the issue made by the fifth ground of illegality should have gone to the jury on such facts as could be proved to support it, or that the judge, if he sat as a jury, as he did, should have heard evidence and applied the law and equities above indicated to the facts that the evidence developed.

Judgment reversed.