## PATTERSON *v.* GEORGIA GRAVEL COMPANY.

1. An attorney at law has no authority to bind his client by a compromise agreement resulting in a consent judgment in direct opposition to the instructions of his client, and with the knowledge of the adverse party of such violation of instructions.
2. The client can not by affidavit of illegality go behind the consent judgment so entered, but such judgment may be set aside upon proper proceedings therefor, duly commenced.

No. 2391. AUGUST 11, 1921.

Equitable petition. Before Judge E. D. Graham. Wheeler superior court. December 15, 1920.

J. C. Patterson filed a petition against the Georgia Gravel Company, a corporation, and S. M. Kennedy, seeking to recover a personal judgment against each of the defendants. Subsequently the plaintiff sued out an attachment against the defendants. The defendants employed an attorney at law to defend the actions; and answers were filed by each of the defendants, denying any indebtedness to the plaintiff. During the regular term of the court to which the suit and attachment were made returnable, the attorney for the defendants withdrew as counsel from the cases, and consented that plaintiff take a verdict in each of said cases against each of the defendants for the principal sum sued for, with interest. Verdicts were accordingly taken, without proof or evidence, without notice to the defendants, without their consent, contrary to the instructions of the defendants to their attorney, and with the knowledge of the plaintiff of such violation of instructions. The defendant, the Georgia Gravel Company, did not know of the taking of the verdicts against it, and the entry of judgment thereon by the plaintiff, until after the term of the court at which the same were taken had adjourned, when it was too late to except to said verdicts or judgments by motion for new trial or otherwise; nor did it know of the withdrawal of the attorney from the cases, and his consent that plaintiff might take verdicts and judgments, until after the verdicts and judgments were rendered. After the verdicts and judgments were entered, executions were issued against the defendants, and these executions were levied by the sheriff of the county upon certain land belonging to the defendant, the Georgia Gravel Company, and the land was being advertised for sale. Whereupon the defendant, Georgia Gravel Company, filed an equitable petition against the plaintiff, J. C. Patterson, the sheriff, the attorney of record of the defendant in the common-law action and attachment suit, and S. M. Kennedy, its codefendant in said action and suit, seeking to have the consent verdicts and judgments set aside, and for other relief. To the petition J. C. Patterson demurred upon the ground that it set forth no cause of action, and that the petitioner had an adequate and complete remedy at law, by affidavit of illegality. The demurrer was overruled, and Patterson excepted.

*H. W. Nalley,* for plaintiff in error.

*Eschol Graham* and *George H. Harris,* contra.

GEORGE, J. (After stating the foregoing facts.)

1. Upon the first question raised by the demurrer, the case is controlled by the decision in *Davis* v. *First National Bank of Blakely,* 139 *Ga.* 702 (78 S. E. 190, 46 L. R. A. (N. S.) 750), where it was held: "Where a suit was brought to cancel a deed, to have the land described in it decreed to belong to the plaintiff, to have an accounting, to recover double the usurious interest alleged to have been paid to the grantee, a national bank, and to obtain other equitable relief, if the plaintiff authorized her attorneys to enter into a consent decree fixing the amount required to be paid by her to the defendant in discharge of all liabilities against her and the property at $5,000, and expressly instructed them that she would not consent to a compromise or settlement of the case except upon such terms, to which the attorneys agreed, which instructions were known to the adverse party through its leading attorney; and if nevertheless the defendant's leading attorney persuaded the plaintiff's counsel to disregard such instruction, and induced them to consent to a decree fixing such liability at $15,000, declaring the debt to be hers and not that of her husband, as she alleged it was, and directing that in default of payment by her the land should be sold as provided therein, a consent decree so entered could be set aside by the client upon proper proceedings therefor, duly commenced."

2. Upon the second question, the plaintiff in the equity suit can not go behind the judgments by affidavit of illegality, and attack the judgments upon the ground that they were rendered by the consent of his counsel, without plaintiff's knowledge or consent, in direct opposition to his instructions to his attorney, and with the knowledge of the adverse party of the violation of such instructions. Civil Code (1910), § 5311; *Tumlin* v. *O'Bryan,* 68 *Ga.* 66; *Southern Railway Co.* v. *Daniels,* 103 *Ga.* 541 (29 S. E. 761) ; *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.,* 15 *Ga. App.* 174 (82 S. E. 774). It is obvious that illegality was not an available remedy.

*Judgment affirmed.   All the Justices concur.*