*W. H. Duckworth,* for plaintiff in error.

*S. P. Cain,* contra.

---

### 14949. CHILDS *v.* STATE BANK OF CHICAGO.

The court did not err in sustaining the demurrer to the affidavit of illegality and dismissing it.

(a) "Nothing is better settled than that the right to file an affidavit of illegality as provided for in the Civil Code, § 5305, does not include the right to go behind the judgment."

(b) "A verdict and judgment rendered with the consent of counsel is binding upon the client, in the absence of fraud and collusion upon the part of the counsel with whose consent such verdict and judgment is rendered." *Adkins* v. *Bryant*, 133 *Ga.* 465 (1) (66 S. E. 21, 134 Am. St. R. 211).

DECIDED JANUARY 16, 1924.

Affidavit of illegality of execution; from city court of Oglethorpe —Judge Greer. July 23, 1923.

*John B. Guerry,* for plaintiff in error.

*Jule W. Felton,* contra.

BLOODWORTH, J. An execution in favor of the State Bank of Chicago and against J. N. Childs was levied on certain property

of the defendant, and an affidavit of illegality was interposed which alleged that the execution "did issue illegally and is proceeding illegally, for the following reasons, to wit: Deponent says that he has never had his day in court. Deponent says that the acceptance sued on was not signed by him, nor was it signed by any one authorized by him so to sign, and was not his action and deed; that he filed a defense in said court of non es facto [non est factum] and that no proof of the execution of said acceptance was ever made in said court; that without his knowledge or consent and against his will, either express or implied, J. J. Bull & Son, who were representing this defendant in said case in said court, consented and agreed with counsel for plaintiff, the State Bank of Chicago, that he would withdraw plea filed in said case and allow judgment to be taken. Deponent says further that he did not know of said agreement, did not consent to said agreement, was not a party to said agreement, and is not bound by said agreement, and that J. J. Bull & Son acted without his knowledge or consent." To this affidavit of illegality a general demurrer was filed. The court sustained the demurrer and dismissed the affidavit of illegality. In this there was no error. It will be noted that the affidavit of illegality does not allege fraud on the part of the attorneys for the defendant, or knowledge on the part of the plaintiff of the lack of authority of this attorney to withdraw the plea and allow judgment to be entered. In *Patterson* v. *Georgia Gravel Co.,* 151 *Ga.* 815 (2) (108 S. E. 237), the Supreme Court said: "The plaintiff in the equity suit cannot go behind the judgments by affidavit of illegality, and attack the judgments upon the ground that they were rendered by the consent of his counsel, without plaintiff's knowledge or consent, in direct opposition to his instructions to his attorney, and with the knowledge of the adverse party of the violation of such instructions. Civil Code (1910), § 5311; *Tumlin* v. *O'Bryan,* 68 *Ga.* 66; *Southern Railway Co.* v. *Daniels,* 103 *Ga.* 541 (29 S. E. 761); *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.,* 15 *Ga. App.* 174 (82 S. E. 774). It is obvious that illegality was not an available remedy." In *Williams* v. *Simmons,* 79 *Ga.* 654 (7 S. E. 135), Chief Justice Bleckley said: "When a suitor comes into court, competent to select counsel, and does select counsel, no matter who the suitor may be, or how much married, the counsel is there for the purpose of representing the client, and

whatever the counsel assents to, the client assents to. There is full power on the part of the counsel to represent the client, and it is just the same as if the client were there in person; and it is no answer to a decree, a solemn judgment of a court, for the client to come in and say that the counsel misrepresented the client's interests, or did not represent the client's wishes. Let the client see that the counsel conforms to instructions, and if there is any injury by failure to do it, let the counsel answer for it, and not the other party." See *Fitzgerald Granitoid Co.* v. *Alpha Portland Cement Co.,* supra, and cases cited: *Tumlin* v. *O'Bryan,* 68 *Ga.* 65 (1); *Glover* v. *Moore,* 60 *Ga.* 189; *Coweta Fertilizer Co.* v. *Johnson,* 26 *Ga. App.* 528 (106 S. E. 610); *Bryant* v. *Elberton &c. Railway Co.,* 20 *Ga. App.* 588 (2) (93 S. E. 219). The cases cited in the brief of counsel for plaintiff in error are easily differentiated by their facts from this case.

　　*Judgment affirmed. Broyles, C. J., and Luke, J. concur.*