## 17478. ALLEN *v.* DUVAL MOTOR COMPANY.

A defendant in fi. fa. can not by affidavit of illegality set up an un-
liquidated demand in his favor against the judgment demand of the
plaintiff in fi. fa., notwithstanding the plaintiff in fi. fa. may neither
reside in nor own property in this State.

. DECIDED JANUARY 24, 1927.

Affidavit of illegality; from city court of Tifton—Judge Bennet.
May 14, 1926.

*C. A. Christian, R. D. Smith,* for plaintiff in error.
*Ellis, Mitchell & Ellis, Steve F. Mitchell,* contra.

BELL, J. .Duval Motor Company recovered a judgment against
T. C. Allen for a certain amount as balance of the purchase-price of
an automobile. An execution based on this judgment was levied
upon the defendant's property. The defendant paid the execution
in full, with the exception of $100, and interposed an affidavit of
illegality for the purpose of arresting the fi. fa. as to this balance.
The affidavit alleged: In the sale of the automobile the plaintiff
agreed "to service said car for a period of four months, and that,
inasmuch as the deponent was not accessible to the service station
of the said Duval Motor Company, that they agreed to pay to the
nearest service station located to deponent the sum of $100 to have
such service made, which was the McCaskill Auto Company, and
which was a part of the consideration of the purchase of said car;"
but after judgment against the defendant the plaintiff withdrew
the service by notifying McCaskill Auto Company to discontinue
it. The defendant, at the time of the trial in which the judgment
was rendered against him, had no knowledge that the plaintiff
"would not carry out its contract of servicing said car for the pe-
riod as aforesaid." The service which the plaintiff contracted to
furnish the defendant was reasonably worth $100. The plaintiff
is a non-resident of the State of Georgia and has no property
within this State "within the knowledge of the affiant." The court
sustained the plaintiff's general demurrer to the affidavit of illegal-
ity, and the defendant excepted.

Even though the defendant did not know, prior to the judgment
against him, that the plaintiff would discontinue the service which
the plaintiff had promised to furnish for the automobile sold to
the defendant, and even though the plaintiff may be liable to the

Executions, 23 C. J. p. 546, n. 42; p. 547, n. 59.

defendant for a breach of such promise, the court did not err in striking the affidavit of illegality. The defendant attempted to set up an unliquidated demand in his favor against a judgment demand in favor of the plaintiff in fi. fa., and this can not be done by an affidavit of illegality, notwithstanding the plaintiff in fi. fa. may not be a resident of this State and may have no property in this State. *Leavel* v. *Frey,* 133 *Ga.* 723 (66 S. E. 916) ; *Register* v. *Southern States Phosphate &c. Co.,* 157 *Ga.* 561, 567 (122 S. E. 323) ; *Wood* v. *Rome,* 24 *Ga. App.* 115 (1 *a*) (100 S. E. 74). The remedy by an affidavit of illegality against an execution is purely statutory, and can not be employed to assert a right except as the statute provides. *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (2) (94 S. E. 609). There is no statute in this State by which an affidavit of illegality to a fi. fa. may ever be employed to offset a demand against the plaintiff for the breach of some promise or agreement.

*Judgment affirmed.* *Jenkins, P. J., and Stephens, J., concur.*