## 28266. EVANS *v.* EVANS.

DECIDED MAY 20, 1940.

*Edward F. Taylor, William H. Sanders,* for plaintiff.
*Hallie B. Bell, Grady Gillon,* for defendant.

FELTON, J. Mrs. Annie Belle D. Evans filed her petition against C. R. Evans, asking for a restraining order and temporary and permanent alimony. The restraining order was granted, and a nisi issued, requiring the defendant to show cause why the prayers of the petition should not be granted and the restraining order continued of force. Pending the hearing on the rule nisi the parties entered into the following agreement. "Mrs. Annie Belle D. Evans *v.* Charles Evans. No. 3061 Bibb Superior Court, April Term, 1934. The parties to the above case hereby agree on the following temporary alimony settlement: 1. The defendant shall be permitted to remove from plaintiff's residence a radio and a police dog claimed by him. 2. Defendant shall pay each month a certain promissory note signed by plaintiff and defendant, held by Macon Savings Bank. 3. Defendant shall pay to plaintiff, as temporary alimony, the sum of forty-five dollars per month, payable semimonthly, commencing this date. 4. Defendant shall pay plaintiff's counsel of record the sum of seventy-five dollars, payable five dollars semimonthly, commencing this date. 5. The temporary restraining order is continued until the further order of the court, and the alimony agreement shall continue in force until the further agreement of the parties or judgment of the court. This 15 day of February, 1934. [Signed] John J. McCreary, Plaintiff's Attorney. Mrs. Annie Belle D. Evans. C. R. Evans." "At chambers, Bibb

Superior Court. On motion of the plaintiff the foregoing agreement of the parties is hereby made the judgment of this court. This 2nd day of March, 1934. [Signed] Louis L. Brown, J. S. M. C." In February, 1936, defendant was in arrears with his payments, and counsel for Mrs. Evans caused a garnishment proceeding to be issued. This matter was settled by payment on the part of the defendant of certain sums and of the costs of the garnishment proceedings. The defendant made payments on the alimony for a number of years, but ceased all payments in July, 1938, at which time he was delinquent some two or three hundred dollars. In an action instituted by him in September, 1938, the defendant was granted a total divorce in February, 1939, at which time he owed the plaintiff the amount of $547.55, as contended by the plaintiff. Execution for this amount was issued in favor of Mrs. Evans against Evans for $547.55, and Mrs. Evans sued out a garnishment proceeding which was served on the employer of the defendant. Defendant gave a dissolution bond, and filed his affidavit of illegality, setting up that he had paid all of the money due under the judgment of the court, and that the judgment was suspended by reason of the divorce granted to him.

When the case came on for trial the defendant tendered an amendment to his affidavit of illegality, setting up that he had made an agreement with the plaintiff that all claims she might have for alimony under the judgment of the court would be settled by the payment by him of certain bills which she had outstanding, and that he had paid these bills and settled the alimony owing to her. This amendment was allowed over the objection of the plaintiff. During the trial of the case defendant tendered a second amendment to his affidavit of illegality, and by this amendment struck out every reference in his original affidavit to "the order and judgment of the court," and substituted the words "agreement between the parties." This second amendment further set up that the case was proceeding illegally, because the purported judgment on which the fi. fa. was based was illegal and void, because there was no agreement between the parties for the agreement to be made the judgment of the court, and the purported order making the agreement the judgment of the court was done without the consent of the defendant or notice to him; that the agreement shows on its face that it was merely an agreement between the

parties; that the order passed by the court was insufficient in law to authorize the issuance of an execution, as the order was merely an approval of the writing. This second amendment was allowed over objection of the plaintiff. At the conclusion of the evidence the judge directed a verdict for the defendant. The court overruled the plaintiff's motion for new trial. She excepted to that ruling, and to the allowance of the amendments.

■ One attack made on the purported judgment is that it was merely an agreement of the parties, and subject to be changed by the parties without the intervention of the court, and therefore not a valid judgment. We are unable to agree to this contention. Another attack is that there was no consent that it be made the judgment of the court. In its incipiency the writing which was made the judgment of the court was merely an agreement; but the court had full power and authority to make the agreement its judgment, under the facts of this case. In an application for temporary alimony, the judge is vested with a discretion to award to the wife such sums as he sees fit as alimony pending the final determination of the case. The hearing set in these cases is to allow the judge to inquire into the circumstances of the parties. In the instant case there was a rule nisi directing the defendant to show cause, on February 1, why the prayers of the petition should not be granted. Before the court ordered the payment of the money as alimony, the parties agreed as to the amount, and put this agreement into writing. The evidence showed conclusively that the order was already written underneath the agreement, and was complete with the exception of the judge's signature. This fact and the terms of the agreement show that the parties contemplated that the agreement would be made the judgment of the court. This case differs from *Apperson* v. *Apperson,* 169 *Ga.* 593 (150 S. E. 827), where it was said that there was no allegation that the contract between the parties was to be made the judgment of the court. The judgment in the case at bar shows on its face that it was within the contemplation of the parties that the agreement entered into between them should and would be made the judgment of the court. That this is true is evident, not only from the caption of the agreement, but from a reasonable interpretation of its terms. The caption of the agreement is in the form and number of the main case, and sets out the term of the court

to which the main case is returnable. After setting forth the amounts to be paid under the agreement, it provides: "The temporary restraining order is continued until the further order of the court, and the alimony agreement shall continue in force until the further agreement of the parties or judgment of the court." Until this agreement was made the order of the court there had been no order regarding the payment of alimony, and this provision that the alimony agreement should continue until the further order of the court must of necessity have been put into the agreement in contemplation of having the agreement made the first order of court touching alimony. That the agreement provides that it shall continue until further agreement of the parties is immaterial. The judgment can no more be changed by the agreement of the parties than can the restraining order mentioned in the same paragraph be controlled. The provision in the contract and order that it should be effective until further agreement by the parties did not add anything to the agreement and order, or give the parties any right they would not have had if the stipulation had been omitted.

This court will uphold the judgment for still another reason. The judgment shows on its face that the court which rendered the judgment had jurisdiction of the parties and of the subject-matter, and the evidence demands the finding that it was a consent judgment. Since this is true, the judgment, even if it is irregular in form, or erroneous, is conclusive and binding so long as it is unreversed. *Rodgers* v. *Evans,* 8 *Ga.* 143 (52 Am. D. 390); *Mobley* v. *Mobley,* 9 *Ga.* 247. We have construed the judgment in this case as showing on its face that it was within the contemplation of the parties that the writing agreed to by them should be made the judgment of the court, and consequently a consent judgment. A consent judgment which shows on its face that it is a consent judgment can not be attacked collaterally for want of assent. The attack must be by direct proceedings for that purpose, and these direct proceedings must be brought within the period provided by law, which is three years. *Williams* v. *Simmons,* 79 *Ga.* 649 (7 S. E. 133); *Hollenbeck* v. *Glover,* 128 *Ga.* 52 (57 S. E. 108); Code, § 3-702. The record in this case shows that the defendant had his day in court, and could not go back of the judgment by affidavit of illegality. Code, § 39-1009; *Bowen* v. *Groover,* 77 *Ga.* 126; *Patterson* v. *Georgia Gravel Co.,* 151 *Ga.* 813 (108 S. E. 237). The

622

affidavit of illegality as amended disclosed on its face that it was an attempt to go back of the judgment. This was an improper method of attack on the judgment. *Taylor* v. *Futch*, 9 *Ga. App.* 292 (70 S. E. 1119). It follows that the judgment in the instant case could not be attacked on the trial of the issue formed by the amended affidavit of illegality and the traverse thereto, the only issue presented being whether the defendant in fi. fa. could sustain his defenses other than the attack on the judgment.

■ The amendments to the affidavit of illegality were not verified as provided by the Code, § 39-1005. No objection was made to the amendments on this ground, and the failure to object will be held to be a waiver of the requirement for verification; and it will be held that the court did not abuse its discretion in allowing the amendments in so far as they set up new defenses and did not attack the judgment on which the fi. fa. was based. It appearing that the second amendment was an attack on the judgment, it was error to allow this amendment.

■ The evidence was in conflict on the issues other than the question whether the judgment was a valid and binding consent judgment, and the case should have been submitted to a jury for determination. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*