## 32785. HAMILTON *v.* HAMILTON.

DECIDED JANUARY 19, 1950.

752

H. *Alonzo Woods*, for plaintiff in error.

N. *G. Reeves Jr.*, contra.

GARDNER, J. 1. (a) It will be noted that the court in dismissing the affidavit of illegality took notice of the facts of the case as shown by the record and as to what took place in its presence. The trial judge is authorized to do this. *Woodruff* v. *Balkcom*, 205 *Ga.* 445 (53 S. E. 2d, 680). The Code, § 37-901, provides: "The superior courts, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or

equitable, or both, in favor of either party, such as the nature of the case may allow or require."

(b) An affidavit of illegality must allege sufficient facts to show that the execution was issued and is proceeding illegally. It is not a remedy for equity or equitable relief. It affords no remedy except such as the statute provides. Code § 39-1001 provides: "When an execution against the property of any person shall issue illegally, or shall be proceeding illegally, and such execution shall be levied on property, such person may make oath in writing, and shall state the cause of such illegality, and deliver the same to the sheriff, or other executing officer, as the case may be, together with bond and good security for the forthcoming of such property, as provided by this Code." The Supreme Court in *Tanner* v. *Wilson*, 183 *Ga.* 53, 57 (187 S. E. 625), states: "The purpose and only office of an affidavit of illegality as provided in the Code, § 39-1001, is to arrest executions illegally proceeding against the property of the defendant in fi. fa.; and being purely statutory, it affords no remedy except such as the statute provides." It clearly appears that the affidavit of illegality in the instant case sets out no legal grounds for the relief sought. If any grounds of complaint at all are shown by the allegations of the affidavit of illegality (and we do not mean to say there are any shown), they are more in the nature of matters of equity.

(c) The allegations show that the defendant had his day in court. This being true, he can not go behind the judgment by an affidavit of illegality. Code § 39-1009 provides: "If the defendant shall not have been served and does not appear, he may take advantage of the defect by affidavit of illegality; but if he shall have had his day in court, he may not go behind the judgment by an affidavit of illegality." This court, in *Evans* v. *Evans*, 62 *Ga. App.* 618, 621 (9 S. E. 2d, 99), said: "A consent judgment which shows on its face that it is a consent judgment can not be attacked collaterally for want of assent. The attack must be by direct proceedings for that purpose. . . The record in this case shows that the defendant had his day in court, and could not go back of the judgment by affidavit of illegality. . ." See, in this connection, *Patterson* v. *Georgia Gravel Co.*, 151 *Ga.*

754

813 (2) (108 S. E. 237), as follows: "The client can not by affidavit of illegality go behind the consent judgment so entered, but such judgment may be set aside upon proper proceedings therefor, duly commenced.

The only authority called to our attention by counsel for the defendant to sustain his contentions for a reversal is *Dodd* v. *Callaway*, 76 *Ga. App.* 629 (46 S. E. 2d, 740). That case in no wise sheds any light on the question here presented. It does not involve any issue arising under a proceeding involving an affidavit of illegality.

The court did not err in sustaining the demurrer and dismissing the affidavit of illegality.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*