39813.  UNIVERSAL C.I.T. CREDIT CORPORATION
v. HALL.
39723, 39724.  UNIVERSAL C.I.T. CREDIT CORPORATION
v. FOWLER (two cases).

Decided October 17, 1962—
Rehearing denied November 5, 1962.

*Morton P. Levine,* for plaintiff in error.

*A. Hugh Leatherwood, Sr.,* contra.

FELTON, Chief Judge. ■ The first question before this court is whether or not the defendants below, as conditional-sale vendees, could challenge the legality of the foreclosure proceedings by affidavits of illegality filed after executions based upon the plaintiff's affidavits of foreclosure had been issued and levies made thereon.

*Code* § 67-801 provides: "When an execution shall issue upon the foreclosure of a mortgage on personal property, as hereinbefore directed, the mortgagor or his special agent may file his affidavit of illegality to such execution, in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due." This Code section establishes the statutory right of the defendants below to file their affidavits of illegality to the executions.

The plaintiff in error contends that the case of *Universal C. I. T. Credit Corp. v. Pritchett,* 104 Ga. App. 422 (121 SE2d 793) is authority for the proposition that the issuance of execution upon an affidavit to foreclose is a judgment or proceeding behind which

an affidavit of illegality to the execution may not go. An examination of the record in the *Pritchett* case, the material facts of which are identical to those in the case at bar, reveals that the "judgment of foreclosure" does indeed refer to the issuance of the execution. If this be the holding in the *Pritchett* case, it is directly contra to the clear provision of *Code* § 67-801 that the mortgagor may file his affidavit of illegality to an execution "when an execution shall issue . . . ," and should not be followed here.

The *Pritchett* case, supra, cites three cases as authority for the proposition that, after a judgment of foreclosure, it is too late to raise such a defense (the same as that raised in the case at bar) by affidavit of illegality. Each of these cases is distinguishable from the situation in both the *Pritchett* case and the cases before us now. In *Allen v. Duval Motor Co.,* 36 Ga. App. 336 (136 SE 479), and *Hamilton v. Hamilton,* 80 Ga. App. 750 (57 SE2d 301) the executions to which the court refused to allow the filing of affidavits of illegality were issued pursuant to actual judgments rendered by a court after the defendants had had their day in court. In *Tanner v. Wilson,* 183 Ga. 53 (187 SE 625), the court held that after an execution had proceeded to the extent of a sale of the property levied on, the execution and delivery of a deed to the realty by the sheriff, and the application of the proceeds of the sale toward the payment of the amount due on the execution, there was no proceeding on the execution to be arrested, therefore the questions raised by the affidavit of illegality, the purpose of which being to arrest an execution which is proceeding illegally, had become moot. In three other cases cited in the *Pritchett* case to support the statement that "an affidavit of illegality may not go behind the judgment or other proceeding upon which the fi. fa. is based," namely: *Duvall v. Barron,* 14 Ga. App. 304 (80 SE 701), *Childs v. State Bank of Chicago,* 31 Ga. App. 533 (121 SE 254) and *Courson v. Manufacturers Finance Corp.,* 41 Ga. App. 551 (153 SE 624), the judgments of foreclosure were rendered after adversary proceedings, not merely after summary executions based on the plaintiffs' affidavits of foreclosure.

Judge Lumpkin, in *Mell v. Moony,* 30 Ga. 413, 416, resolved

this question, saying: "Is the precept to the Clerk to issue an execution for the amount sworn to by the mortgagee a judgment? . . . Such has not, we believe, been the construction put upon the proceeding of foreclosure. On the contrary, our Courts have invariably held, that the mortgager might go into the consideration of the mortgage, and rely upon any fact or principle of law which would entitle him to relief. . . *For in this, no previous notice is required, and, of course, the proceeding can not conclude the mortgager.* Indeed, it would seem from the terms of the statute that *his right to be heard does not arise until the execution issues.*" (Emphasis supplied.) As pointed out by Justice Lumpkin in *Crawford v. Scott,* 137 Ga. 760 (74 SE 520) at page 765, since the defendant has no notice of the summary proceedings to foreclose the mortgage until a levy is made under the execution, to deny him the right to set up his defense after the execution would allow the plaintiff to obtain a judgment of foreclosure behind which the defendant could not go by affidavit of illegality. "Apparently," he says, "it would be an adjudication without ability to prevent it, as the only remedy would be to go into a court of equity, or a court administering equitable relief, and ask for an injunction against the proceeding at law, and there set up his defense. But this is the very thing which this court has several times declared it was not the intention of the statute to require the defendant to do." In *General Gas Corp. v. Robinson,* 101 Ga. App. 192 (112 SE2d 774), this court upheld the right of a defendant in fi. fa. to file an affidavit of illegality to an execution after levy had been made on the property. See also, *A. D. L. Sales Co. v. Gailey,* 48 Ga. App. 798 (173 SE 734).

■ Having decided that the defendants could, as a matter of right, interpose the affidavits of illegality to the executions, we now reach the question of the merits of the affidavits. Under the terms of the conditional-sale contracts, the defendants were liable to the plaintiff vendor for all payments. The contract of insurance was a separate instrument entirely and was between the insurer and the defendants. For this reason, the agreement in the insurance contract to pay the creditor any amounts payable under the disability provisions thereof was, under the cir-

cumstances, enforceable by the defendants only, not by the plaintiff, a stranger to the contract of insurance. This clause, then, is not a defense to the plaintiff's foreclosure proceedings, but merely gives the defendants a cause of action against the insurer for not having made the installment payments to the plaintiff as agreed.

It follows from the above that the court erred in overruling the plaintiff's demurrers to the affidavits of illegality.

*Judgments reversed. Bell and Hall, JJ., concur.*