## BIRT *v.* BROWN, administrator.

Where a year's support, upon application of the widow, has been duly and regularly set apart to her from the estate of her deceased husband by proceedings in the court of ordinary, to which no exceptions were filed, and from which no appeal was taken, a petition to the ordinary by the widow seeking to vacate such judgment with the view of having set aside to her the entire estate which she alleges is worth less than $500, is demurrable, when the only ground for the relief sought is a mistake of the appraisers, made before the application for a year's support was filed, by including in their inventory property which did not belong to the estate, and which, if eliminated from their return, would have reduced their estimate of the value of the estate to less than $500. Especially is this true when it does not appear from the petition that the facts therein stated were not known to the petitioner, and could not have been ascertained by the exercise of ordinary diligence, before the final judgment sought to be set aside was rendered.

Submitted October 18, — Decided November 19, 1898.

Certiorari. Before Judge Hart. Putnam superior court. March term, 1898.

The petition of Ann Birt to the court of ordinary alleged: Petitioner's husband, Mack Birt, died in September, 1896. E. M. Brown was duly appointed and qualified as administrator of his estate, and on January 8, 1897, appraisers were appointed to appraise the real and personal property of the estate, which they did, the inventory and appraisement, which are of record in said court, being as follows: One house and lot, $400, blacksmith-shop and lot and tools, $100, household and kitchen furniture, described, $8.75, making a total of $508.75. On January 8, 1897, petitioner, as widow of the deceased, applied to said court for a year's support out of the estate. The administrator acknowledged service of the petition. Appraisers were

appointed who set aside $100 and the household and kitchen furniture as a year's support.   On March 8, 1897, their return was made the judgment of the court.   The blacksmith-shop and lot and tools, included in the appraisement of the property of the estate, were not a part of the estate, but were the property of one Rainey, the same having been, on March 1, 1895, sold to Rainey for taxes as the property of Mack Birt and Anna Taylor, and a deed executed to him by the sheriff, and the same not having been redeemed within twelve months. Said property was returned in the inventory and appraisement as the property of Mack Birt through instructions of the attorneys acting for the administrator, which instructions were given by reason of a mistake as to the time when the property was sold to Rainey; and the return of the same as the property of Mack Birt amounted to a legal fraud upon petitioner.   The estate in this particular is the same now as it was when first appraised, no part of it having been sold or otherwise disposed of. E. M. Brown is still the administrator.   Petitioner prays that the return of the appraisers of the estate of Mack Birt be amended by striking therefrom the blacksmith-shop and lot, and that the return of the appraisers of the year's support be so amended that it shall set aside to the petitioner the entire estate, amounting to only $408.75, as a year's support, thus conforming to the statute.   By amendment it was prayed that the judgment admitting to record the return of the appraisers appointed to set aside the year's support be set aside, vacated, and revoked, and that the appraisers appointed to set aside the same be directed to amend their return, or to make a new return, so that the return should set aside to the petitioner as a year's support the entire estate of the deceased.

The petition was dismissed on general demurrer by the administrator, and this ruling was sustained on certiorari.

*Jenkins & Lewis*, for plaintiff.   *W. F. Jenkins & Son*, contra.

LEWIS, J.   There is no attack made upon the proceedings before the ordinary to set aside the year's support to the widow, even on the ground of any irregularity.   Under § 3467 of the Civil Code, if the widow was dissatisfied with the return of the

appraisers, it was her right to file objections thereto, and failing to do so, she acquiesced in their return, and assented to the same being placed by the ordinary upon record as a final adjudication or determination of her right to a year's support. Such a record has the binding force and effect of any other judgment of a court of competent jurisdiction. The statute provides for no contest over the amount of the support thus set aside, save upon objections filed before the ordinary to the return of the appraisers. In the first instance when he passes upon such objections he acts judicially, and an appeal lies from his judgment to the superior court. *Phelps* v. *Daniel*, 86 *Ga.* 365. Even conceding that the ordinary has jurisdiction to review such proceedings for a year's support upon application of the widow, her petition in this case utterly fails to show any legal or equitable ground for interference by any court. The only fraud she alleges is a mistake of fact, made by the appraisers of the estate before her application for year's support was filed, in returning property not belonging to the estate. This return bound no one, and was merely prima facie evidence of what assets the administrator was chargeable with. The plaintiff does not even allege that she did not know the facts concerning the title to the property which she claims was by mistake returned as a part of the estate. Even if she did not know the fact, by the exercise of ordinary diligence she could certainly have ascertained what property really constituted so small an estate of her deceased husband. A court of equity even could not have granted relief against such laches. We think, therefore, the court did right in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*