## WINN, administrator, *v.* LUNSFORD *et al.*

1. Where the contrary does not appear from the record or from aliunde evidence, it will be presumed that the citation to show cause why the application for a twelve months' support should not be granted has been published as required by the Civil Code, § 3467.

2. Where objections to the return of appraisers to set apart and assign a twelve months' support to the widow and children of a decedent have been filed and sustained, so as to have the effect of amending the return, the return of the appraisers and the judgment may be recorded, and will be effective to set apart as a twelve months' support the property or money included in the report as corrected and amended by the judgment.

3. Where property has been properly set apart as a year's support to the widow and children of a decedent, a suit can not be maintained by the administrator to recover the same for the purpose of administration.

Argued November 20, 1907.—Decided March 28, 1908.

Equitable petition. Before Judge Pendleton. Fulton superior court. April 15, 1907.

In 1903 G. S. Spofford executed and delivered to W. J. Lunsford a bond for title obligating the maker to convey to Lunsford a described tract of land upon the payment of the notes therein described. Shortly thereafter Lunsford died, and his widow, in behalf of herself and of two minor children of the deceased by a former wife, made application, in pursuance of the statute, for a twelve months' support and an allowance of furniture. In the application it was recited that the property consisted of realty and personalty of the probable value of $300 or $400. Appraisers were duly appointed, and made their return to the ordinary, in part as follows: "We find, after diligent inquiry and examination, the entire estate to consist of the following property, rights, and claims, all of the total value $346, and we set apart to the widow and children the entire estate as follows:" To the widow was assigned

the bond for title of Spofford to her husband,—his interest therein being valued at $242,—and also certain personalty of the value of $20. The bond for title and this personalty were set apart to her "subject to payment of $150 for the use of Mollie J. Lunsford and Maude E. Lunsford as their allowance for year's support, to be paid to their lawful representative; also subject to the payment of all cost of their proceeding and taxes, which we estimate will not exceed, including converting bond into cash, $37.00. To all of which the widow agrees to accept." The part of the estate apportioned to the minor children of the former wife in this report was "$150.00 for their year's support, to be paid to their guardian for their use, by Mrs. Omie J. Lunsford, as provided in the foregoing item setting apart their year's support." The household goods and furniture were separately apportioned and set apart to the widow and children. The widow and children filed separate caveats to the return of the appraisers; in one of which it was alleged that three small items of personalty, valued at $13.50, had been inadvertently overlooked by the appraisers. Pending the case the caveators reached an agreement among themselves, and on their application the following consent order was passed:. "The parties to this case, having come into open court, and the court consenting, withdrew their respective caveats and agreed that amending the return of the commissioners so as to read that Mrs. Omie Lunsford takes the bond for title to the land therein described, subject to pay $200.00 instead of $150.00, as therein set out, and that one fiddle, one family bible, and one lot of window or hall curtains of the value of $13.50 be added to the personal property set apart to the two children, it is ordered and adjudged that the said return of the commissioners be amended as follows, as seen in the 9th, 10th, and 11th line of the 2nd page of said return: also subject to payment of $200.00 for the use of Mollie J. and Maude E. Lunsford as their allowance for year's support, and that there be added to the personal property set apart to Mollie J. and Maude E. Lunsford one fiddle, one family bible, and one lot old window or hall curtains, all of the value of $13.50. It is further ordered and adjudged that the said commissioners' return as thus amended by [be] and the same is hereby made the judgment of the courv." Sometime after the rendition of this judgment, and after the property described therein had been turned over to the widow and

children, C. S. Winn was appointed administrator upon the estate of Lunsford. He filed his petition as administrator to the March term, 1907, of Fulton superior court, wherein the foregoing facts appeared. It was alleged that the order of the ordinary setting aside the year's support was void, because it did not affirmatively appear that citation had been published before the ordinary passed upon the return of the appraisers; and because the ordinary had no authority to modify or in any wise change the return of the appraisers. It was alleged that the widow had not paid to the children the amount assigned to them, and that she was seeking to sell the land, and had sought to have Spofford, the obligor in the bond, execute a title to a purchaser from her; but that the obligor refuses to do so, for the reason that he questions the validity of the proceedings setting apart the year's support. Spofford, the widow, and the children were made parties defendant, and the prayer was that the property attempted to be set aside as a year's support be sold, and that the balance of the purchase-money be first paid out of the proceeds, and, after paying the costs of this suit, that the remaining proceeds be turned over to the administrator for the purpose of paying the expenses of administration and such lawful claims as may be presented against his intestate, and the balance, if any, to be distributed to the heirs at law of the decedent. The widow, who in the meantime had married one Poss, demurred to the petition on the ground that there was no equity in the petition, and that petitioner was not entitled to the relief prayed for. Upon the hearing of the demurrer it was adjudged that the same be sustained and the case dismissed; to which judgment the administrator excepts.

*Green, Tilson & McKinney,* for plaintiff.

*E. M. & G. F. Mitchell,* for defendants.

EVANS, P. J. The record affirmatively discloses that at the time the twelve months' support was set aside, there was no administration upon the estate of the decedent. It is not alleged in the present case that citation was not published as provided by law. The contention is, that the record of the court of ordinary setting aside the twelve months' support fails to disclose on its face, either by entry or recital, that citation was in fact published; and that because of such omission, the judgment of the ordinary allowing a twelve months' support to the widow and minor children is void.

This position is not sound. Courts of ordinary are courts of general jurisdiction, and have authority to exercise original, exclusive, and general jurisdiction over all matters and things which appertain or relate to estates of deceased persons. Civil Code, §4232. The general rule with respect to courts of general jurisdiction, recognized by all authorities, is that the mere fact that the record is silent respecting the existence of some jurisdictional fact can not create the presumption that such fact did not exist; on the contrary its existence will be presumed. 1 Freeman on Judgments, §132. The maxim omnia præsumunter rite et sollenniter esse acta donec probetur in contrarium applies in such cases. The Civil Code, §3467, requires that a citation, calling upon all persons concerned to show cause why the application for a twelve months' support should not be granted, shall be published once a week for four weeks in the gazette in which county advertisements are usually published. No other notice is required, where there is no administration on the estate. In the record assigning the twelve months support there is nothing which contradicts the presumption that the citation was duly published. Not only this, but the record is strongly corroborative of the presumption that citation was published. It appears, that upon the filing of the return of the appraisers, the ordinary passed an order directing that citation issue and be published as the law requires; and that more than four weeks had elapsed before the judgment admitting the return to record. Where neither the record nor aliunde evidence shows to the contrary, it will be presumed that the citation to show cause was published as required by the law; and the judgment will not be void because the record does not in terms recite such publication was had. *Coggins* v. *Griswold,* 64 *Ga.* 323; *Mc-Dade* v. *Burch,* 7 *Ga.* 562.

We are cited by counsel for plaintiff in error to the case of *Fischesser* v. *Thompson,* 45 *Ga.* 459, as supporting a different conclusion. The decision in that case was by a divided court, two judges concurring and one dissenting. In that case there was an executor, and the record assigning a twelve months' support failed to recite that the executor was notified. It was there held that the judgment of twelve months' support was void as against a judgment creditor of the decedent who had no notice of the widow's application, through the legal representative of the estate or other-

wise. One of the majority judges rested his reasoning on the code section which provides that every application made to the ordinary for the granting of any order shall be by petition in writing, and "if notice of such application, *other than by published citation,* is necessary under the law," the ordinary shall require the application to be served on the party to be notified. Civil Code, §4254. He reasoned that as the statute required service on the executor, the ordinary did not acquire jurisdiction until such service was had, and that unless the factum of service appeared in the record, the judgment was void. It is not necessary to discuss the correctness of this conclusion, as the whole argument was placed on the necessity to serve the executor, whereas in the case at bar there was no administration on the estate, and the only notice required by the statute, where the estate has no representative, is by a published citation, and this code section does not apply. The other judge who concurred in the result did so on the ground that the proceeding to set aside a twelve months' support to a widow was a special one before the ordinary, as contradistinguished from the court of ordinary, and everything required by the code to be done in order to give the ordinary jurisdiction should appear on the face of the proceedings. We think an application for twelve months' support is a proceeding before the court of ordinary, and one which relates to the administration of the estate of a deceased person. We therefore reach the conclusion that the case in 45 *Ga.* does not control the decision of the question before us.

2. It is also urged that the judgment of the ordinary setting aside the twelve months' support is void, because he was without authority to allow any amendment or modification of the return of the appraisers. The code provides, that the appraisers designated to set apart and assign a year's support to the widow and children of a decedent shall make a schedule of the property set apart by them, and return the same to the ordinary, who shall issue citation and publish a notice as required in the appointment of permanent administrators, citing all persons concerned to show cause why the application for year's support should not be granted; and if no objection is made, after the publication of the notice for four weeks, or if made and disallowed, the ordinary shall record the return so made in a book to be kept for this purpose. Civil Code, §3467. Unless objections are filed, the ordinary's

duty is ministerial, but when objections are filed he discharges a judicial function in determining their validity. *Cowan* v. *Corbett,* *68 Ga.* 69; *Jackson* v. *Warthen, 110 Ga.* 815. The code does not specify the nature of the objections which may be made, but clearly it is contemplated that such objections may be urged as relate to the sufficiency of the allowance, according to the circumstances and standing of the family previous to the decedent's death; and where the whole estate is claimed to be less than $500, objection may be made that the estate is greater or less than this sum. There is no provision, in case the objections are sustained, that the matter be again referred to the same or different appraisers. Where the appraisers file their return with the ordinary, they have discharged their full duty. Their commission becomes functus officio. The statute does not contemplate any further action on their part, or the appointment of new appraisers. It would therefore seem that the legislative intent must have been that in case the objections were sustained, the return should be amended comformably to the judgment sustaining the objections, and, as thus amended, should be recorded by the ordinary. As was observed by the present Chief Justice in *Moore* v. *Moore, 126 Ga.* 739: "If, in making their return, the appraisers have acted upon insufficient or misleading information as to the property owned by the decedent at the time of his death, or as to any other relevant fact upon which their return may in part be predicated, the law provides a remedy for any person whose legal rights may be injuriously affected thereby, by giving to such person the right to caveat the return; and, upon a trial of the issue thus raised before the ordinary, all the relevant facts may be developed by competent and legal evidence introduced for this purpose, and the return, if incorrect and improper, under the facts disclosed, may be corrected." In the present case the whole estate was appraised at $346. The objections filed by the widow and children were, that three small articles of the value of $13.50 were not scheduled and returned by the appraisers, and that there was an inequality in the apportionment of the bond for title between the widow and the children. The first of the objections was to the effect that the estate being of less value than $500, all of it should have been set aside; and the other related to its apportionment between the widow and her stepchildren. These objections could properly be raised for adjudication before the ordinary. Under

the law these beneficiaries were entitled to the whole estate, if it was less than $500. When it was adjudged that articles of such value as would not enlarge the estate above this sum were omitted from the schedule, the appraisers' return could be corrected so as to include them. When the beneficiaries adjusted their differences by agreeing to a different division from that made by the appraisers, it was of no concern to others whether the ordinary had the right to effectuate such an agreement by amending the return in that respect. The whole estate was theirs, and the particular apportionment affected only the beneficiaries, who are not complaining.

3. There can be no doubt that a year's support may be set apart in a bond for title. A bond for title is a chose in action. *Fulcher* v. *Daniel*, 80 *Ga.* 75. A year's support may be assigned in a chose in action. Civil Code, § 5022. Whatever interest Lunsford had in the bond for title passed to his widow and children, when set apart to them as a year's support, and thereafter was not subject to administration. Civil Code, § 5022. It is immaterial to the administrator whether the return of the appraisers vests in the children a specific interest measured by money, in the bond for titles, or whether it is an assignment of a certain amount of money to be a charge upon the specific property. Nor is it any concern of his whether Spofford would be protected in making a title to the widow or her assignee without seeing that the amount awarded to the children had been first paid. As to the administrator these various matters are res inter alios acta, and would probably be satisfactorily disposed of by the parties concerned. There was no error in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*