SELPH *et al. v.* SELPH *et al.*

1. There is no merit in the motion to dismiss the writ of error.
2. Where commissioners are appointed by the ordinary to set apart and assign to a widow and her minor children a year's support, and the commissioners make their return, and no objections are filed thereto, such return does not become effective as a judgment of the court of ordinary until it is recorded. And parol testimony that the commissioners in fact made their return to the ordinary in due form is incompetent to establish the factum of the judgment of the court of ordinary.

Submitted May 7,—Decided October 13, 1909.

Application for partition. Before Judge Mitchell. Berrien superior court. September 7, 1908.

*Jackson & Jackson* and *J. G. & J. F. McCall,* for plaintiffs.

*Hendricks & Christian,* for defendants.

EVANS, P. J. On August 6, 1884, John Selph, late of Berrien county, died seized and possessed of a small tract of land, leaving as his heirs at law his widow and fourteen children, five of whom were minors. In 1908 eight of the children, who were adults at the time of the death of their father, filed an application for the partition of the land, and a protest thereto was filed by the widow and other children, on the ground that the applicants had no interest in the land, as the same had been duly set aside as a year's support to protestants in 1884, since which time the protestants had been in the continuous possession of the land. On the trial before the judge, who heard the case without the intervention of a jury, the protestants offered in evidence certified copies of the application for a year's support by Sarah Selph, widow of John Selph, in her own behalf and for her minor children, praying an assignment of a year's support from her deceased husband's estate, and of an order of the ordinary·appointing five appraisers for that purpose, dated October 6, 1884. The following affidavits were offered in evidence by the protestants: (1) that of the ordinary, that no return of the appraisers nor any record thereof is to be found in his office; (2) that of J. J. Sineath, to the effect that affiant and two others of the appraisers, appointed by the ordinary to set apart a year's support out of the estate of John Selph to his widow and minor children, set aside the entire estate of John Selph, which was of less value than $500, to the widow and minor children, and that the appraisers made return of their actings and doings to the court of ordinary in accordance with law; (3) that of W. L. Selph, to the effect that all of the appraisers are dead except J. J. Sineath, and that affiant remembers when the appraisers set aside all the estate of his father, John Selph, to his mother and minor children in 1884, and that since that time his mother has been in possession of the land, returned the same for taxes, and paid the taxes thereon, claiming the land for herself and minor children, and had placed valuable improvements thereon; (4) that of Mrs. Sarah Selph, that the land sought to be partitioned was set apart as a twelve months' support to herself and minor children by the ordinary of Berrien county in 1884, and that she and her minor children

had been in possession of the land since that time, paying the taxes and improving the property. The character and value of the improvements were not stated in any of the affidavits. Objection was made to the court's receiving in evidence the affidavits of J. J. Sineath, W. L. Selph, and Mrs. Sarah Selph, on the ground that the judgment of a court of record can not be proved by parol evidence. The court overruled the objection, and refused to grant a writ of partition. Whereupon the applicants for partition excepted.

1. A motion was made to dismiss the writ of error, on the grounds that the affidavits were not properly briefed, and the judge's certificate was not in proper form. We do not think the points well taken, and decline to grant the motion.

2. The code requires the return of the appraisers appointed to set aside a twelve months support to a widow and minor children to be recorded by the ordinary, and such a record has the binding force and effect of any other judgment. *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299). A court of record speaks by its records, and it would be a dangerous license to allow records-to be shaped or established in a collateral proceeding by the unaided recollection of one, however clear and positive. No contention is made that the appraisers return was recorded and that the record was lost or destroyed. The attempt is to prove a judgment of a court of record, when its own record proclaims no judgment. Such can not be legally done. *Groover* v. *King,* 46 *Ga.* 101; *Robertson* v. *Pharr,* 56 *Ga.* 248 (2). If the return of the appraisers was filed with the ordinary, who by mistake or negligence failed to enter the return on the record, the proper course was to move in the court of ordinary for an order nunc pro tunc that the return be entered of record. *Vaughn* v. *Fitzgerald,* 112 *Ga.* 517 (37 S. E. 752). After this is done, the return will be admissible in evidence in a contest between the widow and others who claim an interest in the land assigned to the widow and minor children as a year's support. The court erred in receiving parol evidence as to the return of the commissioners to set aside the year's support to Mrs. Selph and children.

The protestants also set up their adverse possession for more than 20 years, in resistance to the issuance of the writ. The evidence was rather meagre on that subject. While two of the wit-

nesses deposed that the protestants had placed valuable improvements on the land, the nature and the value thereof were not given. Inasmuch as the court improperly considered parol evidence to establish the judgment of year's support in reaching his judgment, we do not. deem it necessary to discuss the legal effect of the evidence as to adverse possession.

*Judgment reversed.   All the Justices concur.*