## WATSON *v.* WATSON, administrator.

"Where commissioners are appointed by the ordinary to set apart and assign to a widow and her minor children a year's support, and the commissioners make their return, and no objections are filed thereto, such return does not become effective as a judgment of the court of ordinary until it is recorded." And where a party who claims title to the land, derived from the widow to whom the year's support is set apart, seeks, in defense to a suit by the administrator of the estate from which the lands were carved out when set apart by the appraisers, to show a legal setting apart, it should be done by the record, and it is

not sufficient to show an order granted ex parte and not at a term of the ordinary's court, correcting what is claimed to be an imperfect copy of the return, so as to make it conform to what the party taking the order contends was the actual return.

(*a*) If the party relying upon the proof of the actual return has such actual return in fact, he should take a nunc pro tunc order at a term of the ordinary's court, admitting the same to record, and the true return shown by the record would be competent evidence in the case.

(*b*) It was error to admit in evidence what purported to be an order granted by the ordinary "at chambers," correcting the record of the return of the appraisers. ·

MAY 12, 1915.

Complaint for land. Before Judge Gilbert. Taylor superior court. July 17, 1914.

*Jere M. Moore* and *W. D. Crawford,* for plaintiff in error.

, *G. H. Howard* and *C. W. Foy,* contra.

BECK, J. Burrell Watson, as administrator of the estate of P. M. Watson, brought suit against Perry C. Watson, to recover a certain tract of land comprising certain designated lots. Upon the trial the jury returned a verdict for the defendant. The plaintiff made a motion for a new trial, and the court upon the hearing of the same set aside the verdict; and the defendant in whose favor the verdict had been returned excepted to the grant of a new trial.

In order to determine whether the court erred in granting a new trial, it is necessary to determine only one of the questions made by the motion; and that is, whether the court erred in admitting in evidence a certain order purporting to have been granted "at chambers" by the ordinary of the county in which the land sued for is situated. This·order was granted upon an ex parte application of the defendant to have a certain record of the return of the commissioners appointed to set aside a year's support upon the application of Mrs. Martha Watson, the widow of the plaintiff's intestate, so corrected as to conform to the truth of the case and be made to show "the proper lots and districts as set apart." In the original return of the commissioners, among other property set apart were: "Lot of land Nos. 14, 15, 16, and 19 in the 12 district of said Taylor Co. Fractional lots Nos. 290, 292, and 294 in 11 dist. Taylor Co. ½ lot No. 269 in 11 dist. Marion County." Lots numbered 14, 15, and 16 in the 12th district of Taylor county are the lots sued for. It appears that there was a record of a return made by appraisers to set apart a year's support, corresponding in

all respects to this original order, except that the real estate set apart in the return actually recorded is described as: "Lot of land No. 14 in 15 dist. and 19 in 12 dist. Taylor Co. Fractional lots Nos. 290, 292, and 294 in 11 dist. Taylor Co. ½ lot No. 269 in 11 dist. Marion County." The defendant in this case derives title from the widow to whom the year's' support in question was set apart. The code requires the report of appraisers appointed to set aside a twelve months support to a widow and minor children to be recorded by the ordinary, and "such a record has the binding force and effect of any other judgment." *Selph* v. *Selph,* 133 *Ga.* 409 (65 S. E. 881). And it was further held in that case that a return does not become effective as a judgment of the court of ordinary until it is recorded. If the document referred to in the record as the original return of the appraisers be such in fact, it should have been entered of record in the proper book kept for that purpose. If the same was erroneously recorded, as was held in the *Selph* case, a nunc pro tunc order might have been taken, possibly, to correct the record; but a better practice would have been to take a nunc pro tunc order to enter the entire return upon the records of the ordinary kept for that purpose. Certainly it was not sufficient to take an ex parte order signed by the ordinary out of term. The ordinary was without authority in vacation to grant such an order. And all that was said in the opinion in the *Selph* case in deprecation of shaping or establishing records by parol evidence is applicable to the shaping of records by orders of the character taken in this case by the defendant to perfect the record of the return of the appraisers. The court therefore erred, upon the trial of the case, in admitting the order referred to in evidence, and properly corrected this error against the plaintiff by granting a new trial; for, with the order excluded from the evidence, no title was ever shown out of the estate of the plaintiff's intestate.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*