22330. ROBERSON, administratrix, *v.* SMITH, administrator.

DECIDED DECEMBER 22, 1932.

*R. G. Price, Abram Levy,* for plaintiff.
*M. C. Barwick,* for defendant.

HOOPER, J. Upon the trial of this case the evidence showed that Anna E. Roberson and Lewis Roberson, her husband, were living together on a farm rented from Emanuel Farms Company, of which H. R. Smith was president. On March 17, 1923, Lewis Roberson died and his widow rented said farm from the aforesaid company for the balance of the year, and made a crop thereon. She

and the unrepresented estate of her deceased husband were largely indebted to this company, which, through certain of its agents, in December of that year seized certain assets of the estate and certain farm products of Anna E. Roberson, the widow, and moved them away. Wray Smith, son of H. R. Smith (president of said company, was, on his application, appointed temporary administrator of the estate, whereupon Mrs. Roberson then applied to the court of ordinary for a year's support, appraisers were appointed, and assets of the estate (comprised partly of those assets made the basis of the action now under review) were by the appraisers set aside to the widow, and citation thereon issued. With affairs in this status a conference was had between Mrs. Anna Roberson, her attorney W. W. Abbott, the said H. R. Smith, the defendant Wray Smith, and Judge M. C. Barwick, his attorney in this case. Mr. Abbott, on the trial of this case, was sworn in behalf of Wray Smith, the defendant, and his undisputed testimony was in part as follows: "We had a meeting at your [Judge Barwick's] office, at which you were representing Emanuel Farms Company and we were representing Anna Roberson. . . The conclusion of the meeting was a settlement we agreed on. This memorandum here is the settlement [said memorandum not being in evidence in this case]. . It is provided in here that Emanuel Farms Company is to pay her $100 cash. They did that. . . In our settlement we undertook to adjust all the differences between that estate and the Emanuel Farms Company. As I understood the settlement, it was settling all differences between the parties of any kind, so far as I understood. We had made application for a year's support. After that settlement we withdrew it. . . . I stepped in the door and just said to Judge Brown [the ordinary], 'That year's support application of Anna Roberson has been settled, and we won't go any further with it.' . . It is possible that some of the corn, fodder, and stuff mentioned there had been moved away. I do not know about that. What we intended there was to settle for what was there and $100." The evidence further shows that Mrs. Roberson received the $100, and defendant's witness Bedingfield testified that he took charge of the farm in January, 1924, and, at the direction of Mr. H. R. Smith, divided between Emanuel Farms Company and Anna Roberson the property there located, delivering to Mrs. Roberson half of the corn and hay.

From the foregoing it will be seen that the property involved in this case was taken by Emanuel Farms Company into its possession for satisfaction of the indebtedness of the estate, and was thereafter released to said company by Mrs. Anna Roberson, through the settlement aforesaid, for a consideration of $100 plus certain properties delivered to her as shown by witness Bedingfield. The fact that Mrs. Roberson, the widow, disposed of this property of the estate without having the award of the appraisers made the order of the court and duly recorded (see *Selph* v. *Selph,* 133 *Ga.* 409, 65 S. E. 881) is not, in our opinion, under the particular facts of this case, of controlling importance. The actual disposition of the property is clearly traced, and the evidence shows that it did not come into the custody of the defendant. It is true that plaintiff testified that H. R. Smith, prior to the foregoing settlement, stated to the plaintiff in the presence of the defendant that he, H. R. Smith, had turned the property over to the defendant as temporary administrator, and she testified that the defendant did not deny such statement at the time. It also appears from the record that Wray Smith did file with the court of ordinary an application to sell the property as being perishable. These circumstances, it is contended, are sufficient to render Wray Smith as temporary administrator accountable for the property. The application for leave to sell does not state that the properties were in the possession of the defendant, nor was the filing of such application conclusive upon him in that regard. As stated, the property was originally taken by agents of Emanuel Farms Company. Even though H. R. Smith might for the moment have considered that his company's possession of the property was in fact the possession of Wray Smith as temporary administrator, the actual facts in the record together with the conduct of Mrs. Roberson in dealing with the company in regard to the property clearly discloses the contrary. The statement of the plaintiff as to the statement of H. R. Smith was clearly hearsay and has no probative value, and while the defendant's failure to deny it might ordinarily be treated as a tacit admission of its truth, such an admission, under the particular facts of this case, would constitute merely a conclusion by the defendant which under the evidence was not authorized. In this case it created no estoppel as to proof to the contrary. See *Cain* v. *Busby,* 30 *Ga.* 714 (4), 721, 722. If the defendant's failure to

deny the statement be treated as impeaching his positive sworn testimony to the effect that he never had possession of the property, then its maximum legal effect would be to eliminate from the evidence his denial of possession of the goods, but that would not aid the plaintiff in making out prima facie proof of defendant's possession. We recognize, of course, that Mrs. Roberson, as widow of the deceased, could not make a settlement which would, upon her subsequent appointment as permanent administratrix, preclude her as administratrix from calling the temporary administrator to account (see *Wright* v. *Clark,* 145 *Ga.* 534, 89 S. E. 618), and we do not base our ruling upon that theory, but predicate our ruling solely upon the ground that under all the evidence it does not appear that Wray Smith, temporary administrator, received the property so as to become legally accountable therefor. As plaintiff's case was predicated upon defendant's possession of the property, she can not, as she contends, on failure of the proof to show such possession, proceed to recover for defendant's failure to obtain possession as required by § 3935 of the Civil Code. She did not prove the case she pleaded, and the trial judge did not err in overruling the motion for a new trial, complaining of his direction of a verdict in favor of the defendant.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*