23966.  HOLAMON *v.* JENKINS *et al.*

JENKINS, P. J.  1. Property duly set apart to the widow, or the widow and minor child, of an intestate as a year's support vests in them, and is not subject to be administered as a part of the estate of the deceased husband or father.  *Stringfellow* v. *Stringfellow*, 112 *Ga.* 494 (37 S. E. 767); *Hendrix* v. *Causey*, 148 *Ga.* 164, 166 (96 S. E. 180); Civil Code (1910), § 4044.

2. Where no objection is filed to the return of appraisers setting apart a year's support to a widow under the Civil Code (1910), § 4043, and the return, after due citation and notice, is recorded by the ordinary, "such a record has the binding force and effect of any other judgment," without the need of any other act by the ordinary or power on his part to modify the return.  *Jackson* v. *Warthen*, 110 *Ga.* 812, 814 (2) (36 S. E. 234); *Selph* v. *Selph*, 133 *Ga.* 409, 410 (2) (65 S. E. 881); *Moore* v. *Moore*, 126 *Ga.* 735, 738 (55 S. E. 950); *Watson* v. *Watson*, 143 *Ga.* 425, 427 (85 S. E. 324); *Fulghum* v. *Fulghum*, 111 *Ga.* 637 (36 S. E. 602, 37 S. E. 774).  This for the reason that unless objections are filed, any further duties on the part of the ordinary are purely ministerial. If, however, objections are filed, the rule is different, and he thereafter discharges a judicial function in determining the issues made by the return and the objections, and, in such event, he is not without power to amend or alter the return.  *Winn* v. *Lunsford*, 130 *Ga.* 436, 440 (2) (61 S. E. 9); *Cowan* v. *Corbett*, 68 *Ga.* 69; *Jackson* v. *Warthen*, supra (pp. 814, 815).

3. Accordingly, in this case, where no objections were filed to the return of the appraisers setting apart the entire estate of the decedent as a year's support for the widow, and the return was actually recorded by the ordinary, he thereby expressed the full extent of his powers as ordinary with reference to the return, and his effort, after reciting in his order the absence of any objections to the return of the appraisers as made, to exercise a judicial rather than a ministerial function in seeking to modify the return by making it subject to the payment of a stated debt due by the decedent, was invalid and inoperative, with the result, on the present application filed by the assignee of the creditor, for letters of administration, and the caveat thereto filed by the widow and an heir of the decedent, the judge of the superior court, passing, without a jury, upon the appeal of the creditor from the ordinary's judgment refusing letters of administration, did not err in sustaining the caveat and in denying letters of administration.

> *Judgment affirmed.  Stephens and Sutton, JJ., concur.*

> DECIDED NOVEMBER 12, 1934.

*J. H. Tipton,* for plaintiff in error.
*R. S. Foy, C. W. Foy,* contra.