24678.   SHINGLER *v.* FURST *et al.*

DECIDED OCTOBER 26, 1935.

*R. L. Cox, C. E. Hay,* for plaintiff in error.
*N. L. Stapleton, Bennet & Peacock,* contra.

JENKINS, P. J. The "costs" which the Code of 1933, § 6-105, requires to be paid as a prerequisite to an appeal are "all costs which may have accrued in *the case* up to the time of entering such appeal." On an application by a widow for a year's support under the Code, § 113-1002 et seq., "the duties of the appraisers who are appointed . . are purely ministerial; . . but the return after all is but the report of a committee. While it is true that in practice this report or return of the appraisers is as a matter of course approved by the court of ordinary unless objection be filed, still citation must be published, and any person interested either as heir or creditor (as well as the administrator representing the heirs) has an opportunity to be heard; and *this is the first judicial investigation in the matter.*" (Italics ours.) *Waldrop* v. *Chandler,* 155 *Ga.* 829, 832 (118 S. E. 745). "Unless objections are filed, the ordinary's duty is ministerial; but when objections are filed, he discharges a judicial function in determining their validity." *Winn* v. *Lunsford,* 130 *Ga.* 436, 440 (61 S. E. 9), and cit.; *Holamon* v. *Jenkins,* 50 *Ga. App.* 129 (2) (177 S. E. 262). "The reasonable charges of the appraisers, to be assessed by the ordinary, and the fees of the ordinary shall be paid by the applicant *out of the fund* set apart. The ordinary may issue a writ of fieri facias against the representative of the estate for the amount so awarded as aforesaid." Code, § 113-1009. After the appraisers have filed their return, and the ordinary issues the citation and publishes the notice required by § 113-1005, "citing all persons concerned to show cause why said application for 12-months support should not be granted," and interested parties then file a caveat or objections to the return, and desire to enter an appeal from an adverse decision by the ordinary, the "judicial investigation" or "case" in which their appeal is taken does not antedate the filing of their caveat, so as to require them to pay the fees or costs of the appraisers or of the ordinary accruing prior thereto, as a condition precedent to the validity of their appeal. Accordingly, the judge of the superior court did not err in denying the motion to dismiss the appeal on the ground that the appellants paid to the ordinary only the costs incurred by reason of and after the filing of the caveat and objections, but refused to pay the fees and costs of the appraisers and of the ordinary on the widow's application and the appraisement accruing prior to the caveat. See *Morgan* v. *Campbell,* 133

*Ga.* 549, 550 (66 S. E. 369); *Chambliss* v. *Bolton,* 146 *Ga.* 734, 737 (92 S. E. 204); *Pope* v. *Hays,* 30 *Ga.* 539, 540.

Judgment affirmed. *Stephens and Sutton, JJ., concur.*