DAVIS *v.* CITY OF ATLANTA *et al.*

No. 10901.   MARCH 26, 1936.

*James E. Jackson,* for plaintiff.
*J. C. Savage, C. S. Winn,* and *Bond Almand,* for defendants.

ATKINSON, Justice.   Under the Code of 1933, §§ 113-1002, 113-1006, a widow made application to the court of ordinary for an order setting apart a year's support out of the estate left by her husband, estimated to be of the value of $1500. There was no child. The appointed appraisers made a return setting apart described realty in the City of Atlanta. The City of Atlanta filed a caveat on the ground that the return was excessive. The widow was not notified of the caveat, and did not attend the court or authorize any one to represent her. The ordinary entered the fol-

lowing judgment: "The foregoing return of the appraisers having been duly filed in office, and citation therein having been issued, and notice published for four weeks, citing all persons concerned to show cause why said application for twelve months' support should not be granted, as the law provides, and objection being made thereto and withdrawn, subject to the lien of the City of Atlanta for taxes, the same is allowed, and it is ordered that it be recorded." No appeal was taken. After the time for appeal had expired and within forty days after the judgment, the widow instituted a suit in equity to reform the judgment and to cancel so much of it as allowed the City of Atlanta priority for taxes; and for injunction to prevent levy of tax executions against the estate for specified years and an execution for street assessment. The alleged grounds for relief were, (1) that the part of the judgment giving priority is void, because there was no trial of the issue raised by the caveat and no evidence was introduced, nor did the city show that it had a lien for taxes, or the amount of tax, or whether the tax was personal or was a tax on real estate; (2) that the judgment is vague, and the city is threatening to levy a lien for street improvements for a stated amount which is not a tax lien under the charter of the city; (3-6) that such part of the judgment is voidable as contrary to the statute which ranks the claim of year's support higher than a claim for municipal taxes; (7) that the judgment is void, because the appraisers failed to set aside the household furniture as required by the statute; that the value of the property was not more than $500, and insufficient to support petitioner; that two of the appraisers had interest adverse to petitioner, unknown to her, in that they were interested in the proceeds of a loan application for her, and they placed a larger value on the property than was warranted; that petitioner's failure to make objections to the proceedings in the court of ordinary was due to the conduct of one of the appraisers, who was making an application for her for a loan, such conduct (not stating what it consisted of) being "through ignorance or with fraudulent intent, and the misplaced confidence reposed in him by petitioner." The judge dismissed the action on general demurrer, and the petitioner excepted.

1. "Where objections to the return of appraisers to set apart and assign a twelve months' support to the widow and children of

a decedent have been filed and sustained, so as to have the effect of amending the return, the return of the appraisers and the judgment may be recorded, and will be effective to set apart as a twelve months' support the property or money included in the report as corrected and amended by the judgment." *Winn* v. *Lunsford,* 130 *Ga.* 436 (2) (61 S. E. 9). Under application of this law to the instant case, the effect of the judgment complained of was to amend the return of the appraisers, and the recording of the return as thus amended became the judgment of the court.

2. There is no provision in the statute requiring notice to the applicant for a year's support of the filing of a caveat to the application. Having instituted the proceeding, it is the duty of the applicant to keep informed as to regular proceedings in the case. Any ignorance of such proceedings, resulting from failure to perform that duty, will not afford ground for ousting the court of its jurisdiction to try the issue raised by the caveat, and to set aside the judgment upon that issue. The allegations of the petition were insufficient to afford ground for setting aside the judgment. In this view the petition as amended failed to allege a cause of action, and the judge did not err in dismissing it on general demurrer.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*