26759.  HILL *v.* HILL *et al.*

DECIDED JULY 7, 1938.

*C. W. Foy,* for plaintiff.  *G. C. Robinson,* for defendants.

STEPHENS, P. J.  A. O. Hill and Mrs. Pauline English filed a caveat to the return of appraisers setting apart a year's support to Mrs. W. M. Hill.  One of the grounds of objection interposed by the caveators was that the applicant was not entitled to a year's support, in that by a dismissal, at a former term of the court of ordinary, of an application for a year's support after the appraisers had set apart certain property for her as a year's support, she waived and renounced her claim for a year's support, and was estopped from making such claim.  On the trial of the issues formed by the caveat the ordinary made the return of the appraisers the judgment of the court.  From this judgment there was an appeal by the caveators.  On the trial in the superior court, verdict and judgment were rendered, modifying the return of the appraisers, but setting apart certain property as a year's support to the applicant.  A motion for new trial was overruled.  This judgment, on exceptions brought by the caveators, was by the Court of Appeals reversed and a new trial granted.  See *Hill* v. *Hill,* 55 *Ga. App.* 500 (190 S. E. 411).  On the new trial in the superior court the only evidence introduced was that of the ordinary, who testified, without objection, that the claimant Mrs. Hill had previously filed an application for a year's support; that appraisers were appointed and set apart land and money out of the estate as a year's support; that Mr. A. O. Hill and Mrs. Pauline English, the same

caveators, filed caveats to this return of the appraisers; that the return of the appraisers was marked "filed" in his office, but was not put upon the minutes of the court; that the first application for a year's support was withdrawn by the applicant's attorney; that the ordinary entered an order vacating the application, and counsel for the caveators consented to the dismissal of the application; that the ordinary did not know whether the costs of the first application had been paid or not; that his books would show; that he did not find on his books that the costs were charged or paid; that if the costs were paid it would not be on his book; that if the costs had not been paid he would have charged it on his book, as was his custom; that if the bill is paid cash he does not charge it; that evidently the costs were paid; that he presumed the costs were paid at the time the second application was filed, or it would have been charged; that he had no record of it. The judge directed a verdict for the caveators, and the applicant excepted.

It is contended by the caveators (defendants in error) that the Court of Appeals, in reversing the judgment for the applicant on the former trial, laid down as the law of the case, that, by reason of the applicant's withdrawal and dismissal of the first application for year's support, she waived and renounced her right to a year's support and was estopped from prosecuting her second claim, and that her second application for year's support and the return of the new appraisers appointed on such second application were null and void. The only language of the Court of Appeals in which a ruling, if any, was made on this question is the following: "We know of no law to authorize the appointment of a second set of appraisers, where the first appraisers have been duly appointed and made a return in accordance with law. Counsel for the applicant testified that the first application was dismissed because 'he did not consider that the amount set apart, to wit, $600, was sufficient, and that they wanted to have another set of appraisers pass on this matter.' If this procedure were permissible, he could dismiss the second application and vacate the return of the second appraisers, and continue such tactics until he got a return that suited him. 'There is no provision, in case the objections are sustained, that the matter be again referred to the same or different appraisers. Where the appraisers file their return with the ordinary, they have discharged their full duty. Their commission

becomes functus officio. The statute does not contemplate any further action on their part, or the appointment of new appraisers.' *Winn* v. *Lunsford,* 130 *Ga.* 436, 441 (61 S. E. 9). However, since the law does provide for a year's support, and since the ordinary testified that 'the first application for year's support and the return of the appraisers was not recorded, but was destroyed when the second application was filed,' and since the trial in the superior court was a de novo investigation in which all pertinent evidence was admissible (Code, § 6-501; *Moody* v. *Moody,* 29 *Ga.* 519, 521), and it being the superior-court judgment which is assigned as error and which this court is reviewing, we will not go back of that judgment to pass specifically upon the judgment of the court of ordinary permitting this very unusual procedure; but we shall consider it in its relation to the trial in the superior court, and in reaching the decision hereinafter made."

Nowhere in the language quoted appears any ruling to the effect that the second application for a year's support and the return of the appraisers appointed pursuant to this application are void, or that by reason of the applicant's having withdrawn or dismissed the first application she has waived or renounced her right to make the second application, or that she is estopped from making the second application. The statement of the court, contained in the language quoted, that "We know of no law to authorize the appointment of a second set of appraisers, where the first appraisers have been duly appointed and made a return in accordance with law," is certainly not a categorical ruling that the appointment of another set of appraisers upon a new application for a year's support made by the same applicant was illegal and null and void. Nor is the following expression, contained in the language of the court quoted above, a judicial ruling to the effect that where a first application for a year's support has been dismissed after the appointment of appraisers, the law does not authorize the applicant to again make application for a year's support, and does not authorize the appointment of new appraisers pursuant to the second application: "Counsel for the appellant testified that the first application was dismissed because 'he did not consider that the amount set apart, to wit $600, was sufficient, and that they wanted to have another set of appraisers pass on this matter.' If this procedure were permissible, he could dismiss the second application

and vacate the return of the second appraisers, and continue such tactics until he got a return that suited him." This is merely a statement by the court of what could happen if the law authorized an applicant to make a second application for a year's support after having dismissed a first application. It certainly does not rule that such procedure is not authorized under the law. Had the court ruled that the second application and the second appointment of appraisers were void, such ruling would have concluded the case, and it would have been unnecessary for the court to proceed, as it did in the opinion following, to pass upon other various grounds of the caveator's motion for new trial, and find that some of the grounds were good and that the rulings excepted to therein were erroneous, requiring a reversal of the judgment. The Court of Appeals has not ruled as the law of the case or adjudicated that the second application for a year's support and the second appointment of appraisers in this case were not legally authorized or were null and void. Therefore this court is now at liberty to pass on the question here presented as an original proposition, and is not bound by any authoritative ruling by a former decision of this court as the law of the case in this respect.

The only theory upon which the applicant could be estopped from obtaining a year's support on such second application, by reason of her having filed and dismissed or withdrawn her former application after the appointment of appraisers pursuant to such first application, is on the theory of res judicata—on the theory that she had had her day in court in the first application, and that her right to a year's support was in that case adjudicated. The ordinary in his testimony stated that the return of the appraisers in the first proceeding was not put upon the minutes of the court. His testimony was silent as to whether the return of the appraisers was recorded in the book required by law to be kept for such purposes. Code, § 113-1005. It certainly does not appear that the return of the appraisers was put on record as required by law. "Where commissioners are appointed by the ordinary to set apart and assign to a widow and her minor children a year's support, and the commissioners make their return, and no objections are filed thereto, such return does not become effective as a judgment of the court of ordinary until it is recorded." *Selph* v. *Selph,* 133 *Ga.* 409 (2) (65 S. E. 881). "Unless objections are filed, the

ordinary's duty is ministerial, but when objections are filed he discharges a judicial function in determining their validity." *Winn v. Lunsford*, 130 *Ga.* 436 (61 S. E. 9); citing *Cowan* v. *Corbett*, 68 *Ga.* 66, 69, and *Jackson* v. *Warthen*, 110 *Ga.* 812, 815 (36 S. E. 234). Where objections have been filed with the ordinary to the return of the appraisers, an issue is made and there is a case pending to be adjudicated. Before there can be a judgment setting apart a year's support, or denying a year's support, there must be a judgment by the ordinary upon the issue made by the application and the objections filed by the caveators. *Holamon* v. *Jenkins*, 50 *Ga. App.* 129 (2) (177 S. E. 262). The return of the appraisers itself, whether recorded or not recorded, where objections have been filed, is certainly not a judgment setting apart a year's support. Where objections to the return of the appraisers have been filed, there is a suit pending, and a dismissal or withdrawal by the applicant of her claim for a year's support, or the order of the ordinary allowing the withdrawal, certainly does not constitute a judgment allowing or disallowing a year's support on the issue made by the application and the objections. The dismissal or withdrawal by the applicant (the plaintiff) of the application for a year's support was but a dismissal of her suit or claim. This she had a right to do under Code, § 3-510, which provides that "the plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant." There certainly can be no prejudice to the rights of caveators or objectors to the application for a year's support by a dismissal by the applicant of the application.

There appears no judgment adjudicating any of the issues made upon the objections to the first application for a year's support, filed at a former term of the court of ordinary. There appears only a dismissal by the applicant of her suit, and an order of court allowing the dismissal. This order is not a judgment adjudicating any issues made in that case. The rights of the applicant in the second application have not been adjudicated; and therefore neither her application nor the return of the appraisers made pursuant thereto is null and void or without authority of law. The prohibition against the appointment of new appraisers, stated in *Winn* v. *Lunsford*, supra, has reference to the appointment of new appraisers in the same proceeding, and has no reference to the appoint-

ment of new appraisers on a subsequent proceeding after the first proceeding has been dismissed.

It appearing that the court costs in the first proceeding had been paid, the applicant had a right to institute and file a second application. Since there was no evidence in support of the objections filed by the caveators, who carried the burden of proof *(Daniel v. First National Bank,* 50 *Ga. App.* 632 (2), 179 S. E. 152), the judgment in their behalf was not demanded as a matter of law. The court erred in directing the verdict for the caveators.

*Judgment reversed. Sutton and Felton, JJ., concur.*