18935.   WHITE *et al. v.* WRIGHT.

DUCKWORTH, Chief Justice.   1.   Among the necessary expenses of administration is the provision for the support of the family of the deceased, which can be accomplished only by application for a year's support and for each year thereafter that the estate is kept together. Code (Ann. Supp.) § 113-1002 (Ga. L. 1953, p. 453); Code § 113-1004. The allegations here as to an alleged agreement between the parties that the widow, as administratrix, should marshal all assets and use whatever property as was necessary to support and rear her minor children until the last child was self-supporting and then the estate to be divided, could be accomplished only by obtaining a year's support for said children since, upon the payment of all debts and expenses, the estate would stand subject to distribution. Code § 113-1001. Hence no fraud or any violation of the alleged agreement is shown by the widow's application for a year's support for herself and her minor children, especially since she did not agree not to make application therefor and, if she did so agree, she could not legally bind the minor children thereby. Compare *Ellis* v. *Hogan,* 147 *Ga.* 609 (95 S. E. 4); *Johnson* v. *Bogdis,* 205 *Ga.* 535 (54 S. E. 2d 620); *Hogg* v. *Hogg,* 206 *Ga.* 691, 695 (58 S. E. 2d 403).

2.   While the petition alleges that the administratrix was not served and did not acknowledge service of the application for a year's support, it does allege that the widow is the administratrix, and the application, attached to the petition, shows on its face that the widow made application therefor and signed the same as the petitioner. Thus it can not be said that she did not have notice thereof in her capacity as administratrix, and the petition alleges that the citation was issued and published after the return of the appraisers appointed therein.

3.   Since no fraud is alleged to prevent timely objection by interested parties, all the other alleged irregularities constitute no reasons to set aside the judgment. Only causes apparent on the face of the record, such as want of jurisdiction of the person or subject matter, can be considered. *Tabb* v. *Collier,* 68 *Ga.* 641; *Goss* v. *Greenaway,* 70 *Ga.* 130; *Reynolds* v. *Norvell,* 129 *Ga.* 512 (59 S. E. 299); *Brownlee* v. *Brownlee,* 203 *Ga.* 377 (46 S. E. 2d 901).

4.   For the foregoing reasons the court did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*

SUBMITTED APRIL 11, 1955—DECIDED MAY 9, 1955.

*Vickers Neugent, Edward Parrish,* for plaintiffs in error.
*L. A. Hargreaves, Franklin, Eberhardt & Barham,* contra.