96 Ga. App. 197 (1957)
99 S.E.2d 489
McLENDON, Executor
v.
McLENDON et al.
36651.
Court of Appeals of Georgia.
Decided June 27, 1957.
Rehearing Denied July 11, 1957.
*199 R. M. Daley, Carl E. Westmoreland, for plaintiff in error.
Jones & Douglas, Paul J. Jones, Jr., contra.
*208 CARLISLE, J.
1. "`Courts of ordinary have authority to exercise original, exclusive, and general jurisdiction of the following subject-matters: . . . The granting of letters testamentary, and of administration, and the repeal or revocation of the same. . . All controversies in relation to the right of executorship or administration.' Code of 1933, § 24-1901 (2, 3). `Whenever the ordinary knows, or is informed by any person having any interest in the estate, that the administrator *198 . . . for any reason . . . is unfit for the trust reposed in him,' after citation and hearing, `the ordinary may, in his discretion, revoke the letters of administration.' § 113-1229. This section is applicable to executors as well as administrators. § 113-1101. The word `unfit' as used in the statute is not limited to physical, mental, or moral conditions, but is sufficiently broad to include a legal disqualification under the will or otherwise." Bruce v. Fogarty, 53 Ga. App. 443 (1) (186 S. E. 468).
2. "On appeal to the superior court from the court of ordinary in a proceeding to remove an administrator [or executor], the discretion which by law has been vested in the ordinary is to be exercised by the jury. Moody v. Moody, 29 Ga. 519, 521; Davis v. Davis, 33 Ga. App. 628 (127 S. E. 779)." Stanley v. Spell, 46 Ga. App. 91 (2) (166 S. E. 669).
3. "In the absence of any authority conferred by the will, an executor has no power, by virtue of his appointment as such, to borrow money and bind the estate . . ." O'Kelly v. McGinnis, 141 Ga. 379 (81 S. E. 197).
4. Under an application of the foregoing principles of law, the trial court did not err in overruling the general demurrer to the petition or the motion for a new trial based solely upon the general grounds, as the petition is replete with charges that the defendant violated the terms of the will, violated the law, and was otherwise unfit to carry out the trust reposed in him; and, on the trial, the plaintiffs established the fact that the defendant violated the terms of the will with reference to the testator's grave, violated the law and the will by binding the estate for borrowed money, established that the defendant was in extremely poor health, and established many other facts such as to authorize the jury to find that he was unfit to perform the trust reposed in him.
5. None of the special demurrers is meritorious, and even if it could be said that one or more of these demurrers was meritorious, it does not, under the facts of this case, appear that the trial court's overruling these special demurrers was harmful or injurious to the defendant. See in this connection, Teal v. Equitable Loan Co., 43 Ga. App. 673 (159 S. E. 904).
Judgment affirmed. Gardner, P. J., and Townsend, J., concur.