### 40870.   BANK OF WAYNESBORO v. GRAHAM.

DECIDED OCTOBER 6, 1964.

*Thurmond, Hester, Jolles & McElmurray, Glenn B. Hester, George W. Fryhofer,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, E. D. Fulcher, A. Montague Miller,* contra.

EBERHARDT, Judge. ■ The recording of the appraisers' return is not essential to the validity of a year's support. "It was the duty of the ordinary to record the return . . . [at the end of the statutory period.] The mere fact that he failed to perform this clerical work certainly could not divest the minor's title. As to him, the matter stands as if the ordinary had done what he ought to have done. To hold otherwise would result in manifest injustice, and occasion injury to an innocent party because of official negligence which it was neither his duty, nor within his power, to prevent." *Roberts v. Dickerson,* 95 Ga. 727, 729 (1) (22 SE 654). The return, where approved and ordered admitted to record, may be recorded even ten years later by a successor ordinary as "[t]he time when the return of the ap-

praisers was recorded is immaterial." *Youngblood v. Hollis,* 183 Ga. 206 (1) (187 SE 863). See also, *Smith v. Smith,* 187 Ga. 743, 745 (3) (2 SE2d 417) and *Jones v. Federal Land Bank,* 189 Ga. 419, 427 (5) (6 SE2d 52). Further supporting these conclusions are holdings that title vests in the widow and children at the time the appraisers' return is made to the court of ordinary. *Hendrix v. Causey,* 148 Ga. 164 (96 SE 180) and citations.

*Selph v. Selph,* 133 Ga. 409 (65 SE 881) and *Watson v. Watson,* 143 Ga. 425 (85 SE 324) are relied on by the Bank for the proposition that the appraisers' return is not effective as a binding judgment of the court of ordinary until recorded. While some of the language of these cases would indicate that there could never be a valid year's support until the record of the return is accomplished, the facts of both cases reveal that the court dealt with a reliance on parol testimony to prove the return and its contents. Here the Bank attached to its pleadings the order reciting and approving the appraisers' return, and no question of the use of parol evidence is involved as in *Selph* and *Watson.* Both cases were also distinguished in *Youngblood v. Hollis,* 183 Ga. 206 (1), supra.

As was said in *Winn v. Lunsford,* 130 Ga. 436, 440 (2) (61 SE 9), "[u]nless objections are filed, the ordinary's duty is ministerial, but when objections are filed he discharges a judicial function in determining their validity." Accord: *Holamon v. Jenkins,* 50 Ga. App. 129 (2) (177 SE 262); *Hill v. Hill,* 58 Ga. App. 179 (198 SE 279). The fact that the ordinary in recording is performing a mere ministerial function supports our holding that failure to record will not deprive the applicant of a valid judgment.

■ Having held that there was a valid year's support we turn now to a consideration of the posture of the case. The Bank's motion, as amended, is denominated a motion in arrest of judgment and we will assume that it also contained proper objections. But see *Howell v. Howell,* 190 Ga. 371 (2) (9 SE2d 149). Cf. *Birt v. Brown,* 106 Ga. 23 (31 SE 755). It was filed during the same term that the judgment approving the appraisers' return was entered, in which it was recited that there had been proper publication of notice, and concluding "that

said year's support be granted, and the report of the appraisers be and the same is hereby approved and confirmed and made the judgment of this court; and that the same be recorded."

However, the Bank is faced with the proposition that, after the other legal requisites have been met and a judgment entered on the application, it is then too late to file objections. *Foster v. Turnbull*, 126 Ga. 654 (1) (55 SE 925), where Justice Lumpkin asserted at page 655: "If the contention of the caveators be correct, the return must lie in the office unrecorded, and the widow and children, if any, must wait for their support until an entire term of court has elapsed, in order to see if any one wishes to object. Such is not the intention of the law." It was also held in the second headnote that "after regular application, notice to the administrator, citation, and publication, no abuse of discretion is made to appear in refusing to open the judgment at a later day during the term and allow objections to be then filed."

Moreover, "[a] judgment approving the return of commissioners setting aside a year's support, where all the proceedings are regular, can not be attacked as fraudulent because interested parties could have successfully resisted the judgment had they interposed timely objection." *Reynolds v. Norvell*, 129 Ga. 512 (3) (59 SE 299).

The less than full bench decision in *Hyatt v. Council*, 163 Ga. 870 (137 SE 16), relied on by the Bank, was questioned and, we think, overruled on this point in *Howell v. Howell*, 190 Ga. 371, supra, at 376, a full bench decision.

The only reason alleged for the Bank's failure seasonably to file objections was that, as a judgment creditor of the decedent, it could rely on a fiduciary relationship with Mrs. Graham as executrix. Brushing aside possible procedural objections as to whether Mrs. Graham appears in her capacity as executrix or widow or both, we proceed to the heart of the matter.

We do not think that these allegations demand a different result. While the general rule that objections must be filed before judgment is entered approving the appraisers' return, allegations of fraud coupled with a fiduciary relationship have

been held sufficient on which to set aside the judgment and allow objections filed. *Ellis v. Hogan,* 147 Ga. 609 (95 SE 4); *DeJarnette v. DeJarnette,* 176 Ga. 204 (167 SE 526); *Johnson v. Bogdis,* 205 Ga. 535 (54 SE2d 620); *Hogg v. Hogg,* 206 Ga. 691 (58 SE2d 403). Cf. *Brownlee v. Brownlee,* 203 Ga. 377 (2) (46 SE2d 901). However, all of these cases involve some sort of family relationship and a promise to refrain from applying, to limit her application, or some action on the part of the widow contrary to what she had promised or represented. We think these two factors distinguish the cases. See, *Williams v. Rosette,* 177 Ga. 528 (170 SE 373) and *Smith v. Brogan,* 207 Ga. 642 (63 SE2d 647) where relief was denied, although both cases contain the dual factors of a family relationship and allegations of fraud in obtaining an excessive amount, but no allegation of any false promises or representations by the widow. See *Raper v. Smith,* 216 Ga. 326 (116 SE2d 554). "Since no fraud is alleged *to prevent timely objection by interested parties,* all the other alleged irregularities constitute no reasons to set aside the judgment." *White v. Wright,* 211 Ga. 556 (3) (87 SE2d 394). See *Beddingfield v. Old Nat. Bank,* 175 Ga. 172 (165 SE 61). Here no action contrary to promises or representations made by Mrs. Graham is alleged and we think this removes the case from the ambit of the prior cases even if a fiduciary relationship could be said to be involved.

■ The Bank argues that even if the ordinary has discretion, as we have previously held, on appeal to the superior court this discretion is to be exercised only by the jury, relying on *McLendon v. McLendon,* 96 Ga. App. 197 (99 SE2d 489). However, this proposition has been rejected in holdings that the superior court judge has power to hear and sustain demurrers previously overruled by the ordinary. *Bowman v. Bowman,* 79 Ga. App. 240, 242 (1) (53 SE2d 244); *Hall v. First Nat. Bank,* 85 Ga. App. 498 (69 SE2d 679). There is no merit in this contention.

The superior court properly sustained Mrs. Graham's demurrer.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*