## 48539. WALKER et al. v. SMITH.

STOLZ, Judge. The sui juris children of a deceased testator filed a petition in the court of ordinary seeking to revoke and set aside that court's judgment of year's support entered 17 years previously for and upon the application of their stepmother, the widow/executrix. The grounds of the petition were that the grant of the entire estate as year's support deprived the petitioners of their alleged remainder interest which, under the provisions of the will, they contend arose when the widow's life estate (which was expressly granted in lieu of dower and year's support) was terminated by the widow's remarriage (12 years after the probation of the will and the grant of year's support). The petitioners appeal from the superior court's judgment affirming an adverse judgment of the court of ordinary. *Held:*

1. "After regular application, citation and publication, no abuse of discretion appears in refusing to open the [year's support]

judgment and allow objections to be filed at a later day during the term." *Bank of Waynesboro v. Graham,* 110 Ga. App. 426 (2a) (138 SE2d 693). "[The petitioners] had the only notice [of the application] the law requires, the citation from the court of ordinary, regularly published." *Reynolds v. Norvell,* 129 Ga. 512, 517 (59 SE 299). The provisions of Code §§ 3-709 and 24-2105, and Code Ann. § 24-2115 (Ga. L. 1955, p. 353) are not applicable to the statutory procedure for year's support requiring notice only to the representative of the estate, if there be one. See Code § 113-1002 (as amended, Ga. L. 1959, pp. 136, 139). There was no charge of fraud here as in *Ellis v. Hogan,* 147 Ga. 609 (95 SE 4), or in *Hogg v. Hogg,* 206 Ga. 691 (58 SE2d 403), and no constitutional attack was made on the provisions of Code §§ 24-2105 and 113-1005 for service by publication on interested parties of an application for a year's support to the widow under Code Ann. § 113-1002. Consequently, it appears that we are bound by prior decisions of the Supreme Court under which the judgment here would be upheld.

2. "[W]here the widow, who is also the sole executrix of her husband's estate, files an application for a year's support, such application is notice to her as executrix (*White v. Wright,* 211 Ga. 556 (87 SE2d 394)) . . ." *Watkins v. Donalson,* 217 Ga. 524, 526 (123 SE2d 728). "The fact that the widow applying for year's support was also the executrix under the will does not, without some affirmative promise or action on her part, show grounds for the arrest or setting aside of a judgment of the ordinary approving the appraiser's return." *Bank of Waynesboro v. Graham,* supra (2b). If there are no minor children, the widow may obtain a year's support for herself. *Federal Land Bank of Columbia v. Henson,* 166 Ga. 857 (3) (144 SE 728). "A widow is entitled to a year's support out of the estate of her deceased husband, notwithstanding the fact that he left a will giving to her a life-estate in all his property, real and personal." *Latch v. Latch,* 21 Ga. App. 545 (1) (94 SE 853) and cit. The widow having elected to exercise her right to a year's support rather than to take the life estate under the will, she thereby excluded herself from the will. *Strother v. Kennedy,* 218 Ga. 180, 184 (127 SE2d 19) and cit.; *Samples v. Samples,* 107 Ga. App. 788, 790 (131 SE2d 584) and cits. "[A] confidential relation does not necessarily exist between stepmother and stepchild," *Ellis v. Hogan,* 147 Ga. 609 (1), supra, and neither such relation nor "some affirmative promise or action on her part," as discussed in *Bank of*

*Waynesboro v. Graham,* supra, pp. 429, 430 and cits. and *Lewis v. Lewis,* 228 Ga. 703 (187 SE2d 872) (other than the proper obtaining of the year's support), is shown to exist in the present case.

3. In the case at bar, no caveat or objection was filed to the judgment of year's support, no fraud is shown to have prevented timely objection, and there are no causes apparent on the face of the record, such as want of jurisdiction of the person or subject matter. See *White v. Wright,* 211 Ga. 556 (3) (87 SE2d 394). Under these circumstances, that judgment must stand, regardless of the fact that the estate was of such small size that the award of the entire estate as year's support left none of the estate for the remaindermen under the will, hence preventing the widow's subsequent remarriage from creating any interest in the property in them under the provisions of the will.

Accordingly, the superior court properly affirmed the judgment of the court of ordinary, refusing to set aside the award of year's support.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 5, 1973 — DECIDED OCTOBER 2, 1973 — REHEARING DENIED OCTOBER 17, 1973 —

*J. Sidney Lanier,* for appellants.
*Harold Sheats,* for appellee.